WILLIAM W. LOW, Appellant, *v.* PETER FORBES, Appellee.

#### APPEAL FROM MARSHALL.

A contract, in writing, to deliver for sale, and the delivery of corn, at a specified place, may be subsequently varied, by parol, as that the purchaser should supply the vendor with sacks, in which he agreed to place the corn; and until the sacks were furnished, the corn was not to be delivered; and such a subsequent agreement rests upon a sufficient consideration to make it obligatory.

The delivery of the sacks in such a case is a condition precedent, and a suit for non-performance of the written contract will be answered by a plea, stating the supplementary contract.

THIS case is stated in the opinion of the court. There was a trial by jury, and a finding for the defendant. There was a motion for a new trial, which was denied by HOLLISTER, Judge, at February term, 1856, of the Marshall Circuit Court.

N. H. PURPLE, for Appellant.

PETERS and RAMSAY, for Appellee.

CATON, J. The declaration in this case is on a written contract, for the sale and delivery of corn, either at the mouth of Sandy Creek, or at Fenn's warehouse, in Lacon, as the plaintiff might direct, and avers the non-delivery *per quod*, etc.

Low *v.* Forbes.

The pleas set up a subsequent parol agreement between the parties, whereby it was stipulated that the plaintiff should furnish the defendant with sacks, in which he should sack the corn, and that he should not deliver the corn until the sacks were furnished, and avers that the plaintiff never delivered the sacks. To these pleas a demurrer was filed, which was overruled, which is the decision now assigned for error. The first objection made to the pleas is the want of a sufficient consideration to support the parol agreement. There can be no doubt that it was competent for the parties to vary the written agreement subsequently by parol, nor was it necessary that a money consideration should pass between the parties, to support the parol agreement. The respective undertakings assumed in the parol agreement, by either party, constituted a sufficient consideration to support the promise of the other. Here the agreement of Low to furnish sacks, and to postpone the delivery of the corn till he did furnish the sacks, was a sufficient consideration for the promise of the defendants to sack the corn, and to deliver it in sacks, and so was the latter promise a sufficient consideration for the former. Here is an abundant consideration to support the parol modification of the written agreement, without resorting to the consideration of benefit to one party or injury to the other, which, of itself, would also afford a good consideration.

This case differs from the one between the same parties, reported in 14 Ill. R. 423. There was no agreement in that case that Forbes should not deliver the corn till Low should furnish the sacks, while such is the agreement here. That makes the delivery of the sacks a condition precedent to the delivery of the corn, which Low was to perform before Forbes could be put in default.

The court properly overruled the demurrer, and its judgment must be affirmed.

*Judgment affirmed.*