JOHN MORTON

*v.*

OSCAR J. NELSON *et al.*

*Filed at Ottawa, January 19, 1893.*

1. PARTNERSHIP—*in the purchase of land—what constitutes.* A verbal agreement was entered into by A, B and C that they would purchase a single tract of land, and erect a building thereon, the three to share equally in the net profits. The land was bought in the name of A, a deed made to him, and a building was erected thereon by A, but neither of the others advanced a single dollar in payment of the purchase money, or the cost of the building, A paying all the money for the land and the cost and expenses of the building: *Held,* that the transaction failed to show any partnership.

2. STATUTE OF FRAUDS—*parol trust within its provisions.* A parol agreement entered into by three persons for the purpose of acquiring land for the erection of buildings thereon, to the effect that the title should be taken in the name of one of them, who should execute a declaration of trust showing the joint interest of all, is within the statute of frauds, and can not be enforced.

3. SAME—*how availed of in pleading.* When the statute of frauds is set up and relied on in the answer as a defense to a bill in chancery, and no exception is taken to the manner in which it is pleaded, the defendant may rely on such defense on the hearing and, also, on appeal in this court.

4. RESULTING TRUST—*when it arises.* A resulting trust, which may be shown by parol, is where the purchase is made in the name of one person

with the money belonging to another. It does not arise when the person in whose name the purchase is made furnishes all the purchase money. In such case his verbal agreement to advance the money and hold the property in trust for himself and others, is void under the statute of frauds.

5. SAME—*resulting from fraud.* Where all the persons in interest know that a purchase of land is made in the name of one of them, and agree that the title shall be conveyed to him, he can not be charged as a trustee on the ground of bad faith or fraud in procuring the title. If he fails to convey to his associates, his action amounts only to a refusal to perform a verbal agreement which is void under the statute of frauds.

6. CONTRACT—*not enforced after abandonment.* On a bill to establish a trust and compel a conveyance, the proofs showed that the complainant and defendant entered into a verbal agreement to purchase a tract of land for the purpose of erecting a building thereon, and took the title in the name of the defendant, who furnished all the purchase money, and that the complainants, after several fruitless efforts to borrow money with which to build, abandoned the undertaking, leaving the defendant to save himself as best he could. He then of his own means, and by a loan on the property, erected a building thereon: *Held,* that after such abandonment of the enterprise the complainants had no claim on' the defendant, and that the relief sought was properly refused.

APPEAL from the Circuit Court of Cook County; the Hon. L. C. COLLINS, Judge, presiding.

Mr. S. P. DOUTHART and Mr. U. E. FLIEHMANN, for the appellant:

If a grantee obtains a deed by means of promises to hold the land for another, this is sufficient to raise a trust in favor of the latter, on the ground of fraud, and this may be proved by parol. 2 Washb. on Real Prop. (3rd Ed.) 451.; *Denis* v. *McCagg,* 32 Ill. 429; *Morgan* v. *Clayton,* 61 id. 35; *Strong* v. *Shea,* 83 id. 575; *Switzer* v. *Skiles,* 3 Gilm. 529; *Wright* v. *Gay,* 101 Ill. 233; *Brophy* v. *Lawler,* 107 id. 284; *Roller* v. *Spillman,* 13 Wis. 33; *Allen* v. *Jackson,* 122 Ill. 569; *Towle* v. *Ambs,* 123 id. 410; 84 id. 151; 128 id. 187.

The statute of frauds, to be relied on as a defense, must be specially pleaded. *Lear* v. *Chouteau,* 23 Ill. 37; *Finu-*

*can* v. *Kendig,* 109 id. 198; *E. St. L. Connecting Ry. Co.* v. *People,* 119 id. 182; *Gordon v. Reynolds,* 114 id. 126; *McClure* v. *Atrich,* 118 id. 320.

The memoranda in writing, to take the matter out of the statutes of frauds, need not be signed or delivered, and may be made by the defendant's agent or attorney. *Urann* v. *Coates et al.,* 109 Mass. 581; *Doty* v. *Wilder,* 15 Ill. 408; *Barry* v. *Combe,* 1 Peters, 640; *Drury* v. *Young,* 58 Maryland, 547.

A verbal agreement to share profits arising from the purchase and sale of real estate may be made independent of any contract for an interest in the land itself; when so made the agreement is not within the statute of frauds. *Allison* v. *Perry,* 28 App. 399; *Chester et al.* v. *Dickinson,* 54 N. Y. 1; *York* v. *Clemens,* 41 Ia. 95.

Messrs. ADAMS & HAMILTON, for the appellee, Nelson:

The agreement between the parties constituted no partnership. *Adams* v. *Funk,* 53 Ill. 219; *Porter* v. *Ewing,* 24 id. 617; *Ferand* v. *Gleason,* 56 Vt. 633; *Smith* v. *Knight,* 71 Ill. 148; *Lintner* v. *Millikin,* 47 id. 178.

A trust must be proved by a writing signed by the party to be charged. *Kingsbury* v. *Burnside,* 58 Ill. 310; *Stevenson* v. *Crapnell,* 114 id. 19; *Biggins* v. *Biggins,* 133 id. 211.

As to trust *ex maleficio,* see *Gruhn* v. *Richardson,* 128 Ill. 178; *Wolfort* v. *Harrington,* 74 Pa. St. 311; *Rogers* v. *Simmons,* 55 Ill. 76; *Strong* v. *Shea,* 83 id. 575; *Brophy* v. *Lawler,* 107 id. 284.

No parol agreement or declaration at the time the purchase is made, for the benefit of some other person, will raise a trust in the absence of any other fraud which arises from the violation of the parol promise or agreement, if the purchaser pays his money and takes title to himself. *Rogers* v. *Simmons,* 55 Ill. 76; *Biggins* v. *Biggins,* 133 id. 211; *Stevenson* v. *Crapnell,* 114 id. 19.

There could have been no fraud in obtaining the title, for the complainant was present and consenting when the bond

for the deed to the defendant was given. *Perry* v. *Mc-Henry*, 13 Ill. 227; *Stephenson* v. *Thompson*, 13 id. 186.

There was no resulting trust. *Loomis* v. *Loomis*, 28 Ill. 454; *Botsford* v. *Burr*, 2 John. Ch., 415; *Sayre* v. *Townsend*, 15 Wend. 650; *Perry* v. *McHenry*, 13 Ill. 227; *Alexander* v. *Tams*, 13 id. 221; *Reed* v. *Reed*, 135 id. 423.

Mr. A. M. PENCE, for the appellee, Chisholm:

Where there is an express trust there can not be an implied or resulting trust. *Stevenson* v. *Crapnell*, 114 Ill. 19–21; *Kingsbury* v. *Burnside*, 58 id. 310; *Sheldon* v. *Harding*, 44 id. 73; *Bruce* v. *Roney*, 18 id. 67.

Counsel for appellant is not quite sure, apparently, whether this is an express trust or a resulting trust. That it is not a resulting trust is perfectly clear, because a resulting trust arises when the purchase is made in the name of one with the money belonging to another. The money of the *cestui que trust* must be used in the purchase of the property, and that the payment was made by the *cestui que trust* must be clearly shown. *Perry* v. *McHenry*, 13 Ill. 227–232; *Stephenson* v. *Thompson*, 13 id. 186; *Remington* v. *Campbell*, 60 id. 516; *Enos* v. *Hunter*, 4 Gil. 212; *Dudley* v. *Batcheldor*, 53 Minn. 403; *Botsford* v. *Burr*, 2 John., 409.

As to a resulting trust, see *Alexander* v. *Tams*, 13 Ill. 221; *Stephenson* v. *Stephenson*, 13 id. 190; *Seaman* v. *Cook*, 14 id. 503; *Green* v. *Cook*, 29 id. 193; *Fleming* v. *McHale*, 47 id. 287; *Lantry* v. *Lantry*, 51 id. 465; *Rogers* v. *Simmons*, 55 id. 82; *Walter* v. *Klock*, 55 id. 365; *Magnusson* v. *Johnson*, 73 id. 160; *Wilson* v. *McDowell*, 78 id. 517; *Scott* v. *Harris*, 113 id. 459; *Valette* v. *Tedens*, 122 id. 619.

And the case of *Stephenson* v. *Thompson* has been referred to and approved in the following cases, viz., *Walker* v. *Hedrick*, 18 id. 570; *Green* v. *Cook*, 29 id. 193; *Winstanley* v. *Meacham*, 58 id. 99; *Osgood* v. *Blackmore*, 59

id. 272; *Magnusson* v. *Johnson*, 73 id. 160; *Wilson* v. *Mc-Dowell*, 78 id. 517; *Caprez* v. *Trover*, 96 id. 463.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

When the case was first before us, one ground, upon which the decree of the Circuit Court was affirmed, was that complainant was barred of relief by sec. 9, of the Statute of Frauds. In the petition for a re-hearing it was insisted that the Statute of Frauds was not pleaded, and that the court had misapprehended the real condition of the record. For the purpose of correcting a mistake, if any had been made, we concluded to grant a re-hearing. Since the re-hearing was granted, we have carefully gone over the record again, and in the defendant's answer, on page 112 of the record, we find the following: "Further answering, this defendant says that paragraph 2, of chap. 59, of the Revised Statutes of Illinois, provides that no action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, unless such contract, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized, in writing, signed by such party. And this defendant insists upon said statute, and claims the benefit thereof to the same extent and in the same manner as if he had pleaded said statute." Whether the manner of pleading the statute conformed to the rules of chancery pleading does not arise, as no objection was made to the answer, by exception in the Circuit Court, by the complainants. It is, therefore, apparent that the Statute of Frauds was set up in the answer, and relied upon as a defense, and the defendant had the right to rely upon the statute as a defense on the hearing before the chancellor, and also on appeal in this court.

In the amended bill filed by Vogel and Morton, upon which the hearing was had, the complainants seek to obtain

a decree requiring Nelson to execute a deed of trust which will, in effect, place one-third of the property in controversy in Vogel, and one-third in Morton, leaving the remaining one-third in Nelson, as had been agreed upon by the three parties by parol. The bill also alleges a partnership between the two complainants and the defendant, and contains a prayer that the so-called partnership may be closed, that a receiver be appointed, and that the property be sold. As respects the partnership, upon an examination of the record, it will be found that the evidence fails completely to establish a partnership existing between the parties. The agreement entered into between complainants and defendant was, in substance, one for the purchase of a single tract of land and the erection of a building upon it, the three to share equally in the net profits. The agreement contemplated a joint enterprise, relating to a single transaction, in which the parties had a joint interest in the profits. The land was purchased in the name of Nelson, a deed made to him, and a building was erected. But neither of the complainants advanced a single dollar in payment of the purchase money, or in payment of the cost of the building. The evidence fails to disclose any agreement under which Morton and Vogel, or either of them, were to be responsible for losses, or under which they were required to advance any money to pay for the premises, or to pay for the erection of the building. On the other hand it appears from the evidence that in March, 1889, when Dodson executed the contract of sale, Nelson paid $500, and on June 10th following he paid $2,500, and received a deed of the property, and at the same time he gave his own note and a mortgage on the premises to secure the balance of the purchase money, $18,000. The $2,500 was, in the first instance, borrowed by Nelson, on the endorsement of one Larsen, a friend of Morton, but Nelson subsequently paid off the loan himself, and Morton and Vogel paid nothing whatever upon it. As to the money which paid for the

building erected on the premises, the entire amount was procured by Nelson, and its re-payment secured by a mortgage, executed in his own name, on the property. Morton and Vogel had nothing whatever to do with raising the money or erecting the building. The citation of authority is not required to establish the proposition that the transaction involved was not a partnership. We will, however, refer to *Smith* v. *Knight*, 71 Ill. 148, and the cases there cited. If the transaction was not a partnership, as has been seen that it was not, it will not be necessary to consume time over the proposition of counsel that the profits realized by Nelson may be treated as personal property, and divided as such.

The next question to be determined is whether the Statute of Frauds set up in the answer is a defense to the action. Sec. 2, of the Statute of Frauds, which was specially set up in the answer, declares that no action shall be brought to charge any person, upon any contract, for the sale of lands * * or any interest in or concerning them, for a longer term than one year, unless such contract, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith. A brief reference to the facts will, we think, clearly establish the fact that the agreement relied upon by the complainants falls within the Statute of Frauds.

The arrangement was, in substance, as follows: Morton, Vogel and Shiller had agreed to purchase the property in question, and erect a building upon it, the money to be used to be raised by a loan on the property. Before the property was purchased, Shiller retired from the arrangement, and Nelson took his place. The property was purchased in the name of Nelson, who advanced $3,000 of his own money, and gave a mortgage on the property for $18,000, the balance of purchase money. In regard to the title being placed in Nelson's name, complainant Morton testified as follows:

"I suggested that the property be put in Nelson's name, for the reason that Vogel and I were married men and Nelson was also married, and there would be three wives and three men that would have to be got together when any papers were to be made. Nelson agreed to hold the property for the benefit of the three. He said he would give a declaration of trust."

Whether the title was placed in the name of Nelson, for the reason stated by Morton, or whether it was done because he furnished the money to make the first payment, is not, in the view we take of the case, material. Conceding the view of complainants, that the property was purchased by the three, and the title placed in the name of Nelson, under a verbal agreement that he should make a deed or execute and deliver a declaration of trust to the complainants, which would invest them each with a one-third interest in the property, they can not recover, for the reason that the contract relied upon, if established by evidence, related to a sale of lands or an interest therein, which, under the statute, to be valid, must be in writing and signed by the party alleged to have made the agreement.

This case does not differ materially from *Perry* v. *McHenry*, 13 Ill. 227, where it was held, that a similar agreement was not valid. It is there said: "Assuming that the complainant has proved that the defendant purchased the land under a parol agreement to convey to him one-half of the same, when he should obtain the title from the Irwins, still he is not entitled to recover, for the reason that such contract, if one existed, related to a sale of lands, or an interest therein for a longer period than one year, and to have been valid must have been in writing and signed by the party against whom it is sought to be enforced."

*Stephenson* v. *Thompson*, 13 Ill. 188, is another case in point. It was there held, in express terms, that a verbal

agreement to purchase land for the benefit of another is void under the Statute of Frauds, and can not be enforced against a purchaser who, in the absence of fraud, has paid for the land with his own money, and taken a conveyance in his own name.

There is nothing in the transaction which, in the least, tends to establish a resulting trust. A resulting trust, which may be shown by parol, arises where the purchase is made in the name of one person with money belonging to another. That was not the case here. Nor is there any ground for the contention that Nelson caused the title to the property to be placed in his own 'name through fraud or undue influence. All the parties in interest knew that the purchase was made in the name of Nelson, and agreed that the title to the premises should be conveyed to him; under such circumstances he can not be charged with bad faith or fraud in procuring the title. There are cases in which a court of equity will interfere, where a party obtains the title in his name through fraud, or where the legal title may be obtained by virtue of a confidential relation; but these cases have no application here. The only charge that can be made against the defendant here is, that he has refused to perform a verbal agreement to convey lands, which is declared void by the Statute of Frauds. The late case of *Speyer* v. *Desjardins*, 144 Ill. 641, has been cited as authority by appellees' counsel. The facts upon which the decision rests in that case are so different from the facts of this case, that it can not control here.

But, independent of the Statute of Frauds, there is another ground upon which the decree may be sustained. After the premises had been purchased, Morton and Vogel made several efforts to procure a loan on the property, for the purpose of raising money to erect the contemplated building, but all their efforts resulted in a failure. Finally, on the 6th day of August, 1889, the three parties, Morton, Nelson and Vogel, had a meeting, for the purpose of deter-

mining what course should be pursued. In addition to the three parties, Adams and Kesler were also present. At this meeting, Adams and Nelson testify that Morton and Vogel admitted their inability to raise money to go on with the building, and that the arrangement which had previously been made between Morton, Nelson and Vogel, in regard to the purchase of the property and erecting a building, was abandoned by Morton and Vogel, and Nelson was left to take care of himself as best he could. In this they are fully corroborated by Vogel. Kesler, who was the attorney of Vogel, does not remember the conversation, and Morton, in his evidence, does not give the same history of the occurrence as is given by the other witnesses; but the clear preponderance of the evidence tends to prove that the prior arrangement was abandoned, and Nelson was left to get out of the difficulty as best he could. After this interview Nelson went on, procured money, and erected a building on the property on his own responsibility, as, in our opinion, he had the right to do.

It is suggested in the argument, that arrangements were made to obtain money in Boston through one Bailey; but the evidence fails to show that any person ever, at any time, agreed to furnish the money. Bailey says: "I talked with the agent of Boston parties. He came back from Boston, and said if the thing was all right the parties were ready to let him have the $75,000."

Of course, Boston parties were ready to loan money, providing they could obtain adequate security. No doubt parties here would have done the same thing; but the trouble was, prior to August 6th, when the project was abandoned, no person, who had money to loan, ever found out that the "thing was right."

If Morton and Vogel abandoned the original arrangement, as the evidence tends to show they did, and Nelson, acting on their declaration of abandonment, proceeded on his own responsibility and erected a building, it seems plain

they could have no claim against Nelson on account of the property.  The decree of the Circuit Court will be affirmed.

*Decree affirmed.*