REUBEN A. MERRIMAN, APPELLEE, v. MARIE L. MERRIMAN, APPELLANT.

FILED DECEMBER 6, 1905.   No. 14,015.

1. **Statute of Frauds: EQUITY: GIFT OF LANDS.** Equity protects a parol gift of land equally with a parol gift to sell it, if accompanied by possession, and the donee, induced by the promise to give it, has made valuable improvements on the property, and this applies to the gift of a life estate as well as the fee.

2. **Evidence examined, and** *held* **to show the gift of a life estate in land.**

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*John C. Wharton* and *Baird & Sons,* for appellant.

*W. C. Lambert, contra.*

DUFFIE, C.

This action was brought by Reuben Merriman, plaintiff and appellee, against his mother, Marie L. Merriman, the appellant, to quiet his title to lot 2, block 91, in the city of South Omaha. The circumstances surrounding the case are as follows: In October, 1890, the plaintiff resided in South Omaha. He was a married man and lived with his family in a poor quarter of the city, and in a poor tenement house. The evidence discloses that he had no property, except a few household goods; that his health was bad and on

account thereof he was unable to work more than about half the time.  His mother resided in Illinois, was quite wealthy and about 70 years of age.  Her other children were in good circumstances financially.  In the fall of 1890 she visited her son at South Omaha, as she states in her own testimony, "for the purpose of securing him a home during his life."  She bought the lot in question, paying $1,100 therefor.  This purchase was made through a firm of real estate agents in South Omaha, with whom Mrs. Merriman left $500 to pay for building a house on the premises.  The house was completed sometime in December, and the plaintiff took immediate possession and has occupied the premises since that time.  This house, which is referred to in the testimony as the "small house," was placed upon the south 30 feet of the lot.  In 1893 the plaintiff arranged with a loan and building association in South Omaha to borrow $1,000 to be used in the erection of another house on the north side of the lot.  He claims that his mother visited him again in 1893, previous to making this loan, that the matter was talked over between them, and that they both concluded that the rent of the larger house would pay off the loan within eight or ten years, and that he would then be secured in quite an income, derived from the rent, for his old age.  Mrs. Merriman claims that her consent to making this loan was obtained through correspondence had with her by the plaintiff, and that she consented to mortgage the north half of the lot at her son's urgent request; that it was agreed between them that he was to continue to live in the small house, devoting the rent received from the larger house, to be built with the proceeds of the loan, to the payment of the mortgage, taxes on the property, insurance, etc.  It is also in evidence that a further loan of $400 was thereafter secured from the loan and building association, for which Mrs. Merriman executed a second mortgage on the north half of the lot.  The plaintiff claims that this second loan was made for the purpose of completing the new house, while Mrs. Merriman asserts that her son secured her consent to the second loan

for the purpose of building the barn that is upon the premises. Attached to the bill of exceptions is a letter from the plaintiff to his mother under date of January 24, 1893, in which he uses this language: "I will commence digging cellar tomorrow. Will put brick foundation under house. If it does not take the $1,000 to do the work, the balance will be paid back on the shares." This supports the theory of Mrs. Merriman that, previous to making the first loan, the plans of the house had been sent her, together with an estimate of its cost which was not to exceed $1,000, and that she secured the money for building the barn as well as the house. Some four years previous to bringing this action the plaintiff moved from the smaller into the larger house, and was occupying the same at the time of the trial. A short time before the action was commenced, Mrs. Merriman claims to have learned that $1,000 or more was due the loan and building association upon the loans made, and she sent her son George from Illinois to South Omaha to see the plaintiff, and to arrange with him, if possible, to sell the north half of the lot and to pay off the balance due to the loan and building association. This the plaintiff refused to do, and soon thereafter he commenced this action to require his mother to execute a deed conveying to him the fee title, claiming that she had made him a gift of the lot, which he had accepted and was entitled to from entering into possession and making valuable improvements. The district court entered a decree giving the plaintiff a life estate in the premises, and requiring him to move from the large house, and to apply the rentals derived therefrom to the payment of the mortgages on the north half of the lot, and to the taxes and insurance.

The only evidence in support of the plaintiff's contention that his mother intended to make him an absolute gift of this lot, aside from his own testimony, is that of one of the real estate agents who testified that, when asked to whom the deed to the lot should be made, Mrs. Merriman said that she would take the title in her own name for the present, but that the property would be Mr. Merriman's after

awhile. We think that as against the positive evidence of Mrs. Merriman that she never agreed or intended to make an absolute gift of this property to her son, this is not sufficient to warrant a decree for plaintiff, and that the district court properly so found.

It is insisted by appellant that the statute of frauds stands in the way of granting the plaintiff any relief, and that his petition should be dismissed. To this we cannot agree. In *Dawson v. McFaddin*, 22 Neb. 131, it is said: "Equity protects a parol gift of land equally with a parol agreement to sell it, if accompanied by possession, and the donee, induced by the promise to give it, has made valuable improvements on the property." The court, in that case, adopted the rule of the supreme court of the United States announced in *Neale v. Neale*, 9 Wall. (U. S.) 1, and this rule has been since followed and applied. The evidence is quite plain and satisfactory that Mrs. Merriman intended to provide a home for her son during his life. Her own evidence is conclusive upon that question. On her examination she was asked: "Q. What arrangement did you make with him at the time you bought the lot and left the $500 for the small house to be built? A. That I bought for him a home, and he was to keep up the taxes and insurance. Q. And you let him live in it as a home? A. Yes sir; I intended always for him to have it as a home. Q. State what, if anything, you ever said to him, that you would give that property or intended it for him to be his. A. I do not know that I can tell you—I do not know as I can. I always intended it for a home for him as long as he lived and paid the insurance and taxes. Q. After you came here you told him, did you, that you would go on and provide a home for him? A. He knew I was coming for that purpose. Q. Well, now, was it your understanding that that was to be his home during your lifetime or during his lifetime? A. His lifetime—his lifetime. Q. Whether you died before him or not? A. Yes, sir."

The record shows that the plaintiff had inherited quite a fortune from his father's estate; that he had run through

it or lost it in some way, and at the time of this arrangement with his mother was in very poor circumstances. We are also led to believe from the testimony that his mother, knowing of his poor success in a financial way, did not intend to give him absolute title to this property, but did intend to give him a life estate therein that he might have a home for himself and family, not during her own life, but, as she herself testified, during his life, and the evidence is satisfactory that he took possession and has made such improvements with his own means, as his condition would warrant. We are satisfied that the decree of the district court is the only one which is warranted by the evidence, and we recommend its affirmance.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.