SAMUEL MANCUSO, APPELLANT, v. CHARLES ROSSO, APPELLEE.

FILED MAY 21, 1908. No. 15,210.

1. **Partnership: EVIDENCE.** A verbal agreement between two persons to purchase jointly a city lot, where one of said parties later buys the land, paying all the purchase price and taking the entire title in himself, does not constitute a partnership. *Norton v. Brink*, 75 Neb. 575, followed.

2. **Statute of Frauds: AGREEMENT AS TO LANDS.** Unless there has been such a performance of said contract as to take it without the statute of frauds, the agreement will not be specifically enforced.

3. ——————: **PART PERFORMANCE.** The mere writing of two letters to the former owner by one of said parties to ascertain the lowest price for which said property can be bought, which letters refer to the writer as the sole prospective purchaser, and the inspection of said premises to determine the repairs essential to restore the building thereon to a habitable condition, will not constitute such a part performance as to take the contract without the statute of frauds.

4. **Specific Performance: DECREE.** In an action for specific performance of a contract, where the answer is a general denial, it is error for the court to quiet defendant's title against plaintiff's claim to the property involved.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Judgment modified.*

*T. W. Blackburn,* for appellant.

*Baldrige & De Bord,* contra.

ROOT, C.

Plaintiff prays for a specific performance of an alleged oral contract between himself and defendant whereby

they agreed to purchase "as partners" lot 8, in block 196, in the city of Omaha, for an accounting of rents and profits, or for damages for the violation of said contract. Plaintiff is engaged in the real estate business, and defendant is a merchant, both residing in Omaha. The parties in January and February, 1906, considered purchasing from an insurance company the property herein involved. The latter part of February defendant bought the lot for himself, dealing with a broker, Robinson, and the vice-president of the company. Plaintiff had twice written said company to learn the best terms upon which the property could be bought. No writings passed between the parties hereto, nor did either one sign any memorandum in writing to evidence their transactions, nor did plaintiff contribute to the purchase price of the property. The court found that the parties had orally agreed with each other to purchase the property on their joint account, but not as partners, that the agreement was within the statute of frauds and void, dismissed the petition, and quieted defendant's title. Plaintiff appeals.

1. The evidence fully supports the court's finding that Mancuso and Rosso were not partners, but it requires liberality to say that the record sustains the finding that there was an agreement between the parties to purchase on a joint account. There is considerable evidence in the record tending to show a lack of good faith on the part of each to the other in the transaction, but not to uphold a finding of fact, or to warrant an inference of law that Rosso sustained a fiduciary relation toward Mancuso, or that he represented any one other than himself in purchasing the lot. The case at bar comes well within the rule in *Norton v. Brink*, 75 Neb. 575. Plaintiff asserts that *Johnson v. Hayward*, 74 Neb. 157, controls the instant case, but it will be observed that the defendant in the cited case was plaintiff's agent, specifically charged with the duty of purchasing the land for his principal, and for the abuse of that confidential relation, and in vindication of the rule that holds the agent strictly account-

able to his principal for all acts done within the scope of his employment, we affirmed the judgment of the district court impressing a trust upon the real estate. In the case at bar the relation of the parties to each other did not create either the agent of the other, nor did Rosso agree or promise, nor was he employed by Mancuso, to purchase the lot or any part thereof for the benefit of plaintiff. Neither does *Rice v. Parrott*, 76 Neb. 505, cited by plaintiff, aid him, because that was an action for an accounting of the profits of a partnership formed for the purpose of purchasing and selling lands, and defendant had admitted in writing that plaintiff was entitled to the profits for which the suit was instituted. Nor can it be said with any regard for the record that the statute of frauds, if interposed, will work a fraud upon plaintiff. Plaintiff did nothing more in pursuance of the alleged contract than to write two letters to the insurance company to secure the lot for himself, and to inspect the building with the building inspector, and later with defendant, to ascertain the repairs necessary to place the property in a habitable condition. Defendant fully explains his reasons for examining the property, and they in no wise relate to any contract between the parties. In speaking of acts or part performance to take a case without the statute of frauds, Vice Chancellor Wigram, in *Dale v. Hamilton*, 5 Hare (Eng.), *369, *381, says: "It is, in general, of the essence of such an act that the court shall, by reason of the act itself, without knowing whether there was an agreement or not, find the parties unequivocally in a position different from that which, according to their legal rights, they would be in if there were no contract," and further says that, if an act admits of an explanation without supposing a contract, it is not in general a sufficient performance. And we have said that trivial acts will not be considered sufficient to take an oral agreement for an interest in lands without the statute. *Poland v. O'Connor*, 1 Neb. 50; *Hunt v. Lipp*, 30 Neb. 469. Nothing that Mancuso did, as shown by the record, takes his con-

tract, if any was made, without the statute of frauds. His case does not come within any of the exceptions referred to in any of our former decisions, and on the authority of *Norton v. Brink, supra,* defendant must prevail. *Dunphy v. Ryan,* 116 U. S. 491; *Fickett v. Durham,* 109 Mass. 419; *Parsons v. Phelan,* 134 Mass. 109; *Roughton v. Rawlings,* 88 Ga. 819; *Morton v. Nelson,* 145 Ill. 586; *Schultz v. Waldons,* 60 N. J. Eq. 71.

2. The court not only dismissed the petition, but quieted defendant's title to said property against plaintiff and his claims.  Defendant's answer was in effect a general denial; nor did he ask for general or equitable relief, merely that plaintiff's petition be dismissed with costs. The pleadings therefore do not support so much of the judgment as quiets defendant's title to said property.

It is therefore recommended that the judgment be modified by vacating the part thereof quieting defendant's title; that in all other things it be affirmed; and that plaintiff pay the costs of the district court, and defendant those of this court.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is modified by vacating the part thereof quieting defendant's title, and in all other things it is affirmed; plaintiff to pay the costs of the district court, and defendant those in this court.

JUDGMENT MODIFIED.