W. N. KELLUM, Appellant, v. C. M. ROBINSON, Appellee.

**CONTRACTS: Nature and Essentials—"Arising in This State."** A
1   contract which, by mutual intent of the parties, is to be wholly performed in another state will be governed by the laws of such other state. It may not. be said to "arise within this state" because actually entered into in this state.

**EVIDENCE: Presumptions—Laws of Other States.** On the issue
2   whether a foreign contract is barred by the statute of limitation, it will be presumed, in the absence of pleading and proof, that the laws of such foreign state are identical with the laws of this state.

**FRAUDS, STATUTE OF: Real Property—Partnership Interest.** A
3   parol contract for the joint purchase and sale of a farm and for a sharing in the profits and losses of the deal is not within the statute of frauds.

*Appeal from Marion District Court.*—LORIN N. HAYS, Judge.

JUNE 23, 1922.

ACTION in equity for an accounting between the plaintiff and defendant as partners as alleged in plaintiff's petition. A demurrer to the petition filed by defendant was sustained by the trial court, and plaintiff having elected to stand on the ruling, judgment was entered against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*L. D. Teter,* for appellant.

*Vander Ploeg & Johnson,* for appellee.

DE GRAFF, J.—This is an action in equity for partnership accounting. Plaintiff alleges that an oral agreement was entered into in the early part of 1910 by and between him and the defendant whereby a 367-acre farm in Missouri was purchased and title was taken in the name of the defendant. It is further alleged that plaintiff agreed to contribute one third of the operating expenses of said farm; that he "is the owner of a one-third interest therein" and that defendant was to contribute two thirds of said expenses and possess and own a two-thirds interest. The farm cost $12,848.15 and was incumbered with an $8,000 mortgage. A loan was made by the defendant in the amount of the purchase price secured by a first mortgage on the farm and the $8,000 mortgage was satisfied of record. The farm was operated by the defendant for one year only. During said year (1910) the plaintiff contributed $246.13. The defendant had full management of the operation of the farm, kept the accounts, received the income, and paid the bills.

In the latter part of the year 1910 the farm was sold by defendant, delivery to be made March 1, 1911. This sale resulted in a profit of $5,505. The consideration was not paid until some time after the sale, and on March 25, 1916 a statement of account was given to the plaintiff together with defendant's check for $1,263.16. Defendant has refused to make further statement or settlement.

To this petition the defendant interposed a demurrer on the grounds (1) that plaintiff's cause of action did not arise within the state of Iowa (2) that it is barred by the statute of limitations (3) that the petition on its face shows that the contract in question was for the creation of an interest in land and therefore is within the purview of the statute of frauds. The trial court sustained the defendant's demurrer on the ground that the petition on its face shows that the cause of action is barred by the statute of limitations, and overruled the demurrer on the ground that the contract is within the statute of frauds. In sustaining the demurrer by virtue of the statute of limitations the plaintiff appeals; in overruling the demurrer by virtue of the statute of frauds defendant appeals.

I.   Although the petition alleges that the contract was made in Iowa, the allegations conclusively show that the contract was to be performed in the state of Missouri. The farm was situated in Missouri and the operations were carried on in said state. The defendant was a resident of Missouri. No presumption arises under the facts of this case that the contract in question is an Iowa contract. The intention of the parties will prevail, and that intention may be found in the nature of the transaction, the subject-matter of the contract, and the surrounding facts and circumstances. The place where the parties agree upon the terms of a contract is not necessarily the place of the contract. *Moran v. Moran,* 144 Iowa 451. See, also *Bigelow v. Burnham,* 83 Iowa 120; *Knight v. Moline, E. M. & W. R. Co.,* 160 Iowa 160. The instant contract could not be performed in Iowa. It was a Missouri contract.

1. CONTRACTS: nature and essentials: "arising in this state."

Whether an action arises within this state is determined by the place where the contract is to be performed and not the place where the contract is made. Missouri is the locus and the cause of action, if one exists, necessarily arises in Missouri.

Plaintiff's cause of action accrued on March 1, 1911 and the partnership relation, if one existed, terminated on that date. The court in its ruling on the demurrer stated "that under the laws of the state of Missouri it is conceded that the action would be barred

2. EVIDENCE: presumptions: laws of other states.

under the laws of the state of Missouri where defendant resides.''

The record does not contain this concession, and it is the plaintiff's contention that under Section 3452 of our Code the cause is not barred in this state. In the absence of pleading and proof, or concession the presumption exists that the Missouri statute is the same as the Iowa statute which is five years. Consequently the action was barred on March 1, 1916. The court correctly ruled this proposition and the demurrer was properly sustained.

II. We turn now for a moment to the question raised by the defendant Robinson on his appeal as to the correctness of the ruling of the trial court involving the statute of frauds as recited in the demurrer.

3. FRAUDS, STAT-
UTE OF: real
property: part-
nership interest.

We are of the opinion that the third ground of the demurrer is not well taken for the reason that the parol contract of partnership contemplated the purchase and sale of the tract of land in question. The primary claim of the plaintiff as recited in his petition involves an accounting in the sale of the real estate. The defendant himself recognized the interest of the plaintiff in the farm, and in fact accounted to the plaintiff for one third of the profit from the sale.

On October 10, 1910 the plaintiff received a letter from the defendant which contained an itemized statement of the expenses incurred by the latter in the operation of the farm in question for 1910. It included items of clearing the ground, purchasing implements for said purpose, commission on the mortgage loan, building fences, the purchase of seed, and personal expenses for looking after the place. It amounted to $738.40, one third of which was charged to the plaintiff. Thereupon the plaintiff sent to the defendant the sum of $246.13 in cash.

Sometime after the sale of the farm the defendant Robinson sent to the plaintiff an itemized statement of expenses in the operation of the farm including hired help, taxes and insurance, commissions on loans, personal services, etc. amounting in the net aggregate to $2,459.90. This statement also included the profit on the sale of the farm in the sum of $5,505 leaving

a net profit of $3,045.10. One third of this amount was credited to the plaintiff and paid to him. No complaint is made by the plaintiff as to these items except that certain of them are unreasonable and exorbitant, but this is a pleading of a conclusion not a fact.

It appears that the farm in question was purchased in pursuance of an oral contract between plaintiff and defendant. The title was taken in the name of the defendant but this is not a controlling fact in determining a partnership relation. Had the defendant denied the right of the plaintiff to a claimed interest in said farm, plaintiff could recover on the theory of a resulting trust. The pleadings recite that the parties entered into a contract for the purchase of land and that the land was to be operated on a partnership basis. This was in fact done and an accounting of the profits was had. Plaintiff was not satisfied with the settlement made and instituted the instant action.

The purchase of the farm was an incident of the contract of partnership and the agreement as pleaded indicates a partnership for the purchase of the farm. Neither party in a legal sense bought or sold the farm.

As was said in *Pennybacker v. Leary,* 65 Iowa 220; "It was nothing more than an agreement that the firm should buy lands of another, which should be held as firm property. It was not, therefore, an agreement or contract under which an interest in or title to lands was attempted to be transferred. It simply provides what interest the parties shall have therein when the lands shall be acquired, as provided by the contract."

The parol contract also provided for a working agreement between plaintiff and defendant for operating the farm after it had been purchased on a partnership basis. If the accounting concerned itself with a claimed interest in the real estate itself, the contract would then be within the statute of frauds. This is not the case at bar. Defendant relied upon the cases cited infra but they are not controlling under the facts pleaded. *Morton v. Nelson,* 145 Ill. 586 (32 N. E. 916); *Schultz v. Waldons,* 60 N. J. Eq. 71 (47 Atl. 187); *Roughton v. Rawlings,* 88

Ga. 819 (16 S. E. 89); *Mancuso v. Rosso,* 81 Neb. 786 (116 N. W. 679). Defendant's appeal is of no avail.

Since it is from the judgment entered that this appeal is taken, and not from the reasons which controlled the court in entering the judgment, and a sufficient ground appearing for sustaining the ruling of the trial court the judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.