OSCAR DEINERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OSCAR DEINERT, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6526, 6937. Promulgated April 18, 1928.

*C. A. Sorensen, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: There is no controversy over the amount of profit derived from the sales, or the years in which the sales were made. The only question presented is whether petitioner or his children owned the tracts of land on the dates of sale.

The land involved is in the State of Nebraska. The law of that State determines the legal effect of the oral transfers herein involved.

Section 2453 of the Compiled Statues of Nebraska (1922) provides:

*Contracts for the lease or sale of lands:* Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made. (R. S., p. 293; Ann. 6024; Comp. 3636.)

Section 2454 provides:

*Same—Specific Performance, When:* Nothing in this chapter contained shall be construed to abridge the powers of the court of equity to compel the specific

performance of agreements in cases of part performance. (R. S., p. 293; Ann. 6025; Comp. 3639.)

A parol gift of land will be enforced under like conditions and circumstances as a parol sale. *Anson* v. *Townsend* (Cal.), 15 Pac. 49. In *Dawson* v. *McFaddin*, 22 Nebr. 131; 34 N. W. 338, the Supreme Court of Nebraska held:

> Equity protects a parol gift of land equally with a parol agreement to sell it, if accompanied by possession and the donee, induced by the promise to give it, has made valuable improvements on the property.

See also *Neale* v. *Neale*, 9 Wall. 1; *Riggles* v. *Erney*, 154 U. S. 244; *Townsend* v. *Vanderwercker*, 160 U. S. 171. A contract for the sale of land is void unless in writing. *Morgan* v. *Bergen*, 3 Nebr. 209.

It seems to be a well-settled principle of law in Nebraska, as well as in other jurisdictions, that to constitute a valid transfer of land by verbal gift there must be a gift completely executed by delivery of possession and performance of some acts sufficient to take the case out of the statute of frauds, which performance, to be sufficient, must be an acceptance and taking of possession under and in reliance on the gift and the doing of such acts in reliance thereon that it would work a substantial injustice to hold the gift void. *Evenson* v. *Aamodt* (Minn.), 189 N. W. 584; *Merriman* v. *Merriman*, 76 Nebr. 222; 106 N. W. 174; *Wylie* v. *Charlton*, 43 Nebr. 840; 62 N. W. 220; *Mancuso* v. *Russo*, 81 Nebr. 786; 116 N. W. 679; *Lembke* v. *Lembke* (Iowa), 187 N. W. 863; *Veeder* v. *Veeder* (Iowa), 168 N. W. 249; *Poland* v. *O'Conner*, 1 Nebr. 50; *Dawson* v. *McFaddin*, supra.

We are of the opinion that the oral gift by petitioner to Oscar, Jr., of the Seward County farm was incomplete and that no interest in the property passed thereby. The donee did not take possession pursuant to the oral gift and he has made no valuable improvements on the property. Neither has he performed any acts with respect to the property which may be fairly construed as taking a delivery. The tract was farmed by a tenant until possession was transferred to the purchasers. Both the contract of sale and the deed were executed by petitioner. The determination of the respondent is approved.

The transactions with respect to the Lancaster County tract present a different situation. Petitioner made an oral gift of the farm to his children in August, 1918. On June 23, 1919, the contract of sale was entered into between petitioner and a third party. On January 3, 1920, a deed was executed by petitioner and delivered to his children. Possession of the property was transferred to the purchaser under the contract in March, 1920, and a substantial payment on the purchase price was made to the children. On July 15, 1920, final payment was made to the children and a deed was executed by the children and delivered to the purchaser.

We are of the opinion that the deed of January 3, 1920, completed the previous parol gift of the farm by petitioner to his children and that the sale herein involved was consummated thereafter in 1920.

Legal writers have carefully distinguished between a contract to sell and an actual sale. Thompson on Real Property (1924 ed.) § 4275:

LAND CONTRACTS IN GENERAL. There may be (1) a sale of lands; (2) an agreement to sell land; and (3) what is popularly called an option. The first is the actual transfer of title from grantor to grantee, by appropriate instrument of conveyance, a discussion of which we have just completed. The second is a contract to be performed in the future, and if fulfilled, results in a sale. It is a preliminary to a sale, and is not the sale. Breaches, rescission, or release may occur, by which the contemplated sale never takes place.

§ 4287b * * * A contract for the sale of land is wholly executory until the conveyance is made; the vendor remaining the owner and having the right to convey it free from any claim of the one holding under such prior contract. Vermont Marble Co. v. Mead, 85 Vt. 20, 80 Atl. 852; Waite v. Stanley, 88 Vt. 407, 92 Atl. 603, L. R. A. 1916C, 886.

Williston on Sales, vol. 1, p. 3:

The most fundamental distinction in the law of sales is between a contract to sell in the future and a present sale. The distinction is often expressed by the terms "executory" and "executed" sales. Whether a bargain between parties is a contract to sell or an actual sale depends upon whether the property in the goods is transferred. If it is transferred there is a sale, an executed sale, even though the price is not paid.

The contract entered into in June, 1919, was an agreement to sell the property in the future and before a sale resulted title to the land was transferred to petitioner's children by gift. There can be no doubt that, as contended by the respondent, rights came into existence under the contract of June 23, 1919, on which the parties could sue and be sued, but this of itself did not make a sale. The respondent has determined the sale to have occurred and the profit to be taxable in the year 1920. Prior to the consummation of the sale petitioner deeded the farm to the donee children and the deed to the purchaser was executed by them. The purchase price was paid to the children and invested by them in South Dakota land, title to which they took in their own names.

Petitioner was not the owner of the Lancaster County farm when the sale occurred and he has realized no taxable gain upon such sale. *Charles W. Walworth*, 6 B. T. A. 788.

Reviewed by the Board.

> *Judgment will be entered on 10 days' notice, under Rule 50.*

SMITH, STERNHAGEN, MORRIS, GREEN, and ARUNDELL dissent on the second point.