(No. 29116.—

KAUFFMAN LIPKIN, Appellee, *vs.* LOUIS M. KOREN *et al.,*
Appellants.

*Opinion filed January 23, 1946.*

LEO F. CAVANAUGH, and BARTLEY & YOUNGE, (HERBIG YOUNGE, and THOMAS B. KENNEDY, of counsel,) all of Peoria, for appellants.

MAX J. LIPKIN, of Peoria, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Kauffman Lipkin, filed a complaint in the circuit court of Peoria county against the defendants, Louis M., Eugene B. and Edna M. Koren, the latter individually and as trustee, and others. In his complaint, it is alleged that by virtue of a contract dated February 6, 1942, he and Louis M. and Eugene B. Koren were each owners of an undivided one-third interest in certain improved real estate located in Peoria, subject to an indebtedness owing to Louis M. Koren, and that Edna M. Koren, holding legal title, as trustee, for convenience of the owners, had refused, upon proper demand, to convey to plaintiff his one-third interest in the property. Plaintiff seeks specific performance of the contract, as well as partition of the real estate. Default was entered against Eugene B. Koren and all defendants except Louis M. and Edna M. Koren. By their answer, as amended, Louis M. and Edna M. Koren deny ownership in any one but Louis, and aver that Edna, as trustee, holds the real estate for the sole benefit of Louis M. Koren. In the answer, it is further averred, as defenses, (1) that, by virtue of the Statute of Frauds, plaintiff acquired no interest in the real estate, and (2) that the agreement of February 6, 1942, was (a) without consideration, the entire consideration for the real estate having been paid by Louis M. Koren, and (b) contained no promise on the part of plaintiff to repay to Louis Koren any part of the purchase money. The answer further denies that plaintiff is entitled either to specific performance or partition. A master in chancery, upon a hearing, found the issues in favor of plaintiff. The chancellor,

after overruling exceptions to the master's report, entered a decree ordering specific performance of the contract and, also, partition of the real estate, as prayed. Defendants Louis M. and Edna M. Koren prosecute a direct appeal to this court, a freehold being necessarily involved.

There is no substantial dispute as to the material facts. No evidence was introduced on behalf of defendants. In 1941, plaintiff entered into negotiations for the purchase of the real estate in controversy. He discussed the transaction with Louis M. Koren and indicated to the latter that a substantial reduction in price could be obtained if the property could be purchased for cash. Louis thereupon proposed to advance the required cash upon the conditions (1) that he, Louis, his brother, Eugene, and plaintiff each become owners of a one-third interest, (2) that he, Louis, be allowed to negotiate the purchase, and (3) that conveyance of the property, if purchased, be made to Edna M. Koren, his sister. Plaintiff agreed to all of these conditions. Louis's efforts proved successful and, on June 9, 1941, for a consideration of $17,500, he procured a conveyance to Edna M. Koren, his sister. This amount, which was considerably less than plaintiff's previously conceived idea of price, represented proceeds of a loan from the Central National Bank and Trust Company of Peoria, negotiated solely by Louis. No incumbrance was placed upon the property purchased. An agreement, introduced in evidence as plaintiff's exhibit 4, was immediately prepared. Actual signing of this agreement, however, did not take place until February 6, 1942, approximately eight months later. The delay was occasioned by Louis M. Koren.

In the agreement of February 6, 1942, plaintiff, Louis M. and Eugene B. Koren are designated as owners. It is recited that they recently purchased the property for $17,500, and that title, for purposes of convenience, was taken in the name of Edna M. Koren. Edna Koren, as

"Trustee," agrees she is not the beneficial owner. The agreement states that a sale of the propery is contemplated and that each of the three owners have an undivided one-third interest in the property. Eugene B. Koren and plaintiff agree that the $17,500 was provided solely by Louis M. Koren, and that "each of them is indebted (at the time of the execution of this agreement) to Louis M. Koren in the sum of ............ Dollars." The agreement further provides that all income received by way of rentals, or otherwise, from the property shall be placed in an account, known as the "Triangle Account," from which withdrawals shall be made for all taxes and other expenses, and that none of the parties are to withdraw any sums for personal use except upon consent of the others. Central National Bank and Trust Company of Peoria is designated as depositary, and it is provided that withdrawals from the account may be made by checks signed by either Louis M. Koren, alone, or by Eugene B. Koren and plaintiff, jointly. It is further provided that, if any portion of the property be sold, the proceeds from such sale shall be paid to Louis, to be applied "against the sum of $17,500 (or said loan as reduced by any payments made,) so advanced by said Louis M. Koren to purchase said property," and that Eugene B. Koren and plaintiff shall each be entitled to credit for one third of any amount so paid to Louis. Should either Eugene B. Koren or plaintiff pay to Louis the entire amount of their respective obligations incurred owing to the purchase of the property, then either shall be entitled to receive one third of the price received from the sale of any portion of the property. It is further provided that should the Triangle Account contain more money than deemed necessary, Louis M. Koren may accept payment out of such funds and apply it against the principal sum so advanced by him, any such payment to be credited proportionately against the amounts owed by Eugene B. Koren and plaintiff to Louis.

The agreement further recites that Eugene B. Koren and plaintiff agree to pay to Louis M. Koren, within thirty days after demand, "the unpaid balance which each of them might owe on said purchase price, less, of course, any amount or amounts that is or are credited to them, and each of them." Upon inability of either, upon demand, to pay the sum or sums owed by them, Louis is authorized to use the property as collateral for a loan, not exceeding the total of the unpaid indebtedness owed to him. If a sufficient sum cannot be realized by loan, plaintiff and Eugene B. Koren agree to pay to Louis any difference between the amount loaned and the unpaid portion of their debt to Louis. By subsequent provisions of the agreement, Edna M. Koren, as trustee, is authorized to execute deeds, and the trustee is directed, upon request, to deliver a deed to Eugene B. Koren or plaintiff for a one-third interest in the property upon payment by either of them to Louis of his share of the unpaid balance owed on the purchase price of the property. Each of the owners is given power and authority to collect rents and issue receipts therefor, provided he account for any sum so received. The concluding paragraph provides, among other things, that should the property be encumbered by mortgage, and the total amount of the sum advanced by Louis to purchase the property be repaid to him out of the proceeds of such mortgage, the trustee shall, upon demand, execute deeds conveying one-third interests to each of the owners. It is also provided that each of the owners "is entitled to one-third of the profits, if any, derived from the sale, operation or profit in any manner derived from said property, and to share in losses, if any, on the basis of one-third each."

On the same day, February 6, 1942, the parties also entered into a supplementary agreement attached to the original, in which it is provided that, upon payment in full to Louis by either Eugene B. Koren or plaintiff, of the respective amounts owed by either as their unpaid share of

the purchase price, no interest shall thereafter be charged as an operating expense and, further, that either of the two, upon so paying, shall be entitled to receive his proportionate share of the income or proceeds of sale of the property.

The uncontradicted evidence discloses that the real estate was operated by the parties in accordance with the provisions of the agreement of February 6, 1942, from the time of its purchase in 1941 until plaintiff instituted the present proceedings in August, 1944; that plaintiff, during a portion of this period, collected rentals from the property, made repairs and, in general, managed the property and turned over the income to Louis Koren. The evidence further discloses that from and after acquisition of the property in June, 1941, income tax returns were prepared by a certified public accountant for the years 1941, 1942, and 1943; that no division of the profits was made but that, for income tax purposes, the net profit was divided upon a basis of one third to plaintiff, one third to Eugene B. Koren, and one third to Louis M. Koren. The evidence further discloses that on or prior to July 27, 1944, Louis M. Koren offered to pay plaintiff $3000 over and above his indebtedness for a conveyance of plaintiff's interest in the real estate. This offer was refused by plaintiff. It is also uncontradicted that on the same date he refused to accept the $3000 offered for his interest, plaintiff tendered to Louis M. Koren a draft on the Jefferson Bank of Peoria for $3500, representing the amount which he then believed he owed, accompanied by an offer to pay any difference in cash, and that this offer and tender were refused by Louis with the statement he did not desire a partnership arrangement with plaintiff.

The decree contained a finding that, as of December 31, 1944, $7500 of the $17,500 advanced by Louis M. Koren had been paid, together with interest amounting to $1527.52, and that there was on hand $1736.34 cash, representing undivided profits. The decree also found that

plaintiff had withdrawn a sum of $175 for his personal use. Based upon these findings, it was decreed that plaintiff, upon payment of $2871.21, was entitled to a deed representing a one-third interest in the real estate, and that plaintiff had tendered this sum in open court. The amount of $2871.21 is arrived at as the balance owed by plaintiff to Louis, together with two thirds, or $116.66, of the $175 personally withdrawn by him, after crediting plaintiff with one third of the undivided profits.

It is a fundamental rule of law that a valuable consideration consists of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. (*Arentsen* v. *Sherman Towel Service Corp.* 352 Ill. 327.) Unquestionably, a benefit or profit accrued to Louis M. Koren. Here, again, the agreement itself, in addition to being under seal, which in itself imports consideration, (*Curry* v. *Cotton,* 356 Ill. 538; *Adams* v. *Peabody Coal Co.* 230 Ill. 469,) specifically states it is made in consideration of the mutual promises of the parties and other good and valuable considerations, the receipt and sufficiency of which is acknowledged by each. This is a sufficient consideration to support the contract. *Morrill* v. *Colehour,* 82 Ill. 618; *Low* v. *Forbes,* 18 Ill. 568; 33 Corpus Juris, 848, sec. 20.

The applicable section of the Statute of Frauds is section 2, (Ill. Rev. Stat. 1945, chap. 59, par. 2,) which provides: "No action shall be brought to charge any person upon any contract for the sale of lands, * * * unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." There is no controversy as to the rule governing application of this section. The law is well settled in this State that in order to ascertain what sort of writing is sufficient to meet the

requirements of section 2 of the Statute of Frauds no form of language is necessary if only the intention can be gathered, and that any kind of writing, from a solemn deed down to mere hasty notes or memoranda in books, papers or letters, will suffice. The writing, notes or memoranda must contain on their face, or by reference to others, the names of the parties, vendor and vendee, a sufficiently clear and explicit description of the property to render it capable of being identified, together with the terms, conditions, if any, and price to be paid or other consideration to be given. Such writing, note or memorandum must be signed by the party to be charged, or if signed by an agent the authority of such agent must be in writing, signed by the party to be charged, and the contract, memorandum or note thereof made by the agent must also be in writing. (*Holsz* v. *Stephen,* 362 Ill. 527; *Johnson* v. *Wallden,* 342 Ill. 201; *Ullsperger* v. *Meyer,* 217 Ill. 262.) Principally relied upon by defendants to support the theory that the agreement of February 6, 1942, is insufficient to satisfy the requirements of the Statute of Frauds is the contention that it was not complete, certain or definite. It is argued that the agreement was deficient in that it failed to disclose (1) what particular portion of the price of $17,500, advanced solely by Louis, was to be paid by plaintiff, and (2) any promise on the part of plaintiff whereby he agreed to pay to Louis any sum. This contention stems from the failure to insert an amount in the paragraph of the agreement wherein Eugene B. Koren and plaintiff "agree that each of them is indebted (at the time of the execution of this agreement) to Louis M. Koren in the sum of. . . . . . . . . . . Dollars." Plaintiff testified the space was left blank owing to uncertainty as to the actual amount of income which had been applied to the indebtedness to Louis. Moreover, it clearly appears from other portions of the agreement that it was the intention of the parties that Eugene B. Koren and plaintiff each became indebted to Louis under

its provisions for one third of the $17,500 originally obtained by loan by Louis and advanced by him as the purchase price. It is clear from the agreement that Louis was to be reimbursed for the amount advanced by him, in excess of his one-third proportionate share, in one of four methods, (1) by direct payment by Eugene B. Koren and plaintiff, (2) from income of the property, (3) by placing an incumbrance upon the property, or (4) from proceeds of sale of the property. In the event the total amounts owed by both Eugene B. Koren and plaintiff on the purchase price had been paid to Louis prior to consummation of a sale of the real estate, the agreement provided that the income or proceeds of sale would be divided proportionately among the three. The agreement sufficiently complied with the above enunciated requirements of the Statute of Frauds. It is further intimated that the delay of eight months by Louis in signing the agreement constituted an insufficient compliance with the Statute of Frauds. This contention is likewise without merit. A memorandum sufficient to comply with the Statute of Frauds may be made at any time before action is brought. *McDiarmid* v. *McDiarmid*, 368 Ill. 638; 37 Corpus Juris Secundum, Statute of Frauds, p. 647, sec. 171(a).

The agreement of February 6, 1942, contemplated a joint enterprise relating to a single transaction, in which the parties had a joint interest in the profits. (*Irvine* v. *Campbell*, 121 Minn. 192.) The present transaction may be distinguished from the one in *Morton* v. *Nelson*, 145 Ill. 586, cited by defendants, in that here a comprehensive agreement, embodying the intentions of the parties, was executed, affording a complete compliance with the Statute of Frauds. In the cited case this important feature was entirely lacking.

The decree of the circuit court of Peoria county is affirmed.

*Decree affirmed.*