(No. 86-CC-0162–

EVELYN CLAIBORNE and GWENDOLYN FERGUSON, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 20, 1987.*

EVELYN CLAIBORNE AND GWENDOLYN FERGUSON, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (CLAIRE GIBSON TAYLOR, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

Claimants Evelyn Claiborne and Gwendolyn Ferguson were incarcerated at Dwight Correctional Center. Ferguson arrived there in 1979; Claiborne arrived there in 1980. In 1981, a new vocational training program was created for the inmates at Dwight. The program provided for apprenticeships in various types of jobs. Both of the Claimants signed certain documents entitled "Apprenticeship Agreement," wherein the trade they had selected to study was specified. They signed the documents voluntarily and did not pay any fees to enter or apply for the programs. Ferguson began her training in 1981, and became dissatisfied with it in 1983. Claiborne began her training in 1982, and became dissatisfied with it in 1985.

Sometime subsequent to the commencement of the training program, each of the Claimants became dissatisfied with the progress being made. In substance, they alleged that:

1. Claimants should have received certificates of completion sooner than they did;

2. The program was not Federally accredited;

3. The programs are not accepted by local trade unions;

4. The instructors in the program were not qualified; and

5. Participation in the program caused each of the Claimants physical injuries.

Each of the Claimants bases her claim on the theory of breach of contract and fraudulent misrepresentation. The apprenticeship agreement executed by each of the Claimants does not meet the requirements of a contract since neither party to said agreement promised to do anything. Therefore, the agreement did not impose a legal obligation of performance.

It is a well accepted principle of law that a contract must be supported by adequate consideration moving in the direction of each of the parties to the agreement. (*Lipkin* v. *Koren* (1946), 392 Ill. 400.) In the instant cases, no such consideration passed to the State of Illinois. The program was provided without cost to the Claimants and was for the sole purpose of enhancing the skills and abilities of the participants, however slight such enhancement may be. There was no guarantee by the Respondent of successful completion, nor of recognition by unions or of employment for the participants.

Claimants did not have a cause of action for breach of contract against the State of Illinois. The allegations that each of them suffered physical injuries as a result of participation in the program is not even remotely supported by the evidence.

It is therefore ordered, adjudged and decreed that the claims are dismissed, with prejudice.