W. M. THARP v. CHARLES THERO, Appellant.

Evidence: STIPULATION THAT ACTION IS BARRED UNDER LAWS OF A SISTER STATE. In an action on a note executed in another state, an agreement by the parties that any cause of action on the note was barred by the statute of limitations in such state, which was pleaded in bar, cannot be excluded by the court as immaterial.

WHEN ACTION AROSE: *Delivery of contract at place of mailing.* Where, in an action on a note executed in another state defendant pleads the statute of limitations of such state in bar and plaintiff has testified that he accepted defendant's offer to send him the note, he may be asked if he expected the note to come by mail, or the defendant to come and bring it, as showing whether the mailing of the note was a delivery, since it was material in determining where the cause of action arose.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION upon a promissory note. Defense, foreign statute of limitations. Trial, and judgment for the plaintiff. Defendant appeals.—*Reversed.*

*Mitchell & Sloan* for appellant.

*Starr & Starr* for appellee.

SHERWIN, J.—The plaintiff sued on a promissory note executed and delivered to him in September, 1884, and due May 1, 1885. It was dated Idaho Springs, Colo., and was payable at Farmington, Iowa. This suit was brought in 1898. The petition alleged "that the defendant has for more than five years last past been a resident of Colorado," and "that the indebtedness out of which this cause of action grows was an indebtedness arising exclusively within the state of Iowa." The defendant answered, pleading his residence in Colorado for 15 years prior thereto, and pleading also the bar of the statute of limitations of that state. Upon the trial the parties stipulated in writing as follows: "It is hereby agreed by the parties to the above cause as follows: (1) That the note sued on in this case was executed by the defendant, Charles Thero, at Idaho Springs, in the state of Colorado, on and at the time of the date it bears. (2) That on the day of its execution the defendant deposited it in an inclosed envelope in the postoffice at Idaho Springs, Colo., duly stamped, and directed to the plaintiff at Mt. Sterling, Iowa, and the same was carried to and delivered to the plaintiff at Mt. Sterling, Iowa, in due course of mail. (3) That the defendant has been a resident of Idaho Springs, in the state of Colorado, for the last past fifteen years continuously, and still is a resident thereof. (4) That by the statute laws of the state of Colorado no action can be brought or maintained on a promissory note after six years after the cause of action accrues thereon; and any cause of action in the

state of Colorado on the note sued on was fully barred by the statute laws of Colorado long prior to the bringing of this action. (5) And this agreed statement of facts may be read in evidence by either party on the trial of the above cause." It appears further, from the testimony of the plaintiff, that while the defendant was living in Colorado he wrote to the plaintiff in this state, proposing to settle some indebtedness due plaintiff, by turning over to him the note of one Callahan for $65, and by giving his own note for the balance. This offer the plaintiff says he accepted by mail, "and the note was sent." On cross-examination the plaintiff was asked if he expected the note would come by mail. He was not permitted to answer. He was also asked if he expected the defendant to "come back and bring them." An objection to this question was also sustained. It is contended by the appellant that the note was delivered to the plaintiff in Colorado. This was a very material fact to determine in the trial of the case, because, if true, it would have to be held, under the facts before the court,. that the cause of action arose there, and, if it did arise there it would be barred under section 3452 of our Code,. which is as follows: "When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes arising within this state." The question then arose of the intent of both the maker and payee of the note. If the defendant deposited it in the postoffice in Idaho Springs, Colo., with the intent to have it transmitted to the plaintiff without further action on his part, and intended such deposit as a delivery to him, it would undoubtedly be a good and complete delivery, if the plaintiff agreed, either expressly or impliedly, that it might be so sent to him. Hence we think the evidence was competent and material. Bishop Contract (Enlarged Ed), sec-

tion 354; *McKinney v. Rhoads,* 5 Watts, 343; *Mitchell v. Byrne,* 6 Rich. Law, 171; *Barrett v. Dodge,* 16 R. I. 740 (19 Atl. Rep. 530, 27 Am. St Rep. 777).

After the evidence was all in, the court ruled out the fourth paragraph of the stipulated facts on the ground that it was immaterial and irrelevant. This was clearly erroneous. It contained the essential proof necessary for the court to consider with the other facts in determining the rights of the defendant, and in refusing it a place in the evidence he removed from his own consideration the only defense interposed. For the errors pointed out, the case must be reversed.—REVERSED.