EDWIN JARL, Appellant, v. FRED PRITCHETT et al., Appellees.

**LIMITATION OF ACTIONS:** When Contract "Arises" in Foreign
1   State. A promissory note, carrying an Iowa date line and payable in Iowa, but signed by a nonresident maker in the state of his residence, and then and there delivered to the payee, a resident of Iowa, all as a result of negotiations had in such foreign state, is a contract which "*arises*" *within such foreign state.* It follows that, whenever action on the note is barred by the laws of such foreign state, then action is likewise barred in this state, even though, at the time and place of the execution and delivery of the note, mort-

gage security on Iowa realty was signed and delivered.  (Sec. 3452, Code, 1897.)

**LIMITATION OF ACTIONS:  Debts Barred, Mortgages Barred.**  Prin-
ciple reaffirmed that, whenever a debt is barred, the real estate mortgage security for the debt may not be enforced.

*Appeal from Clarke District Court.*—P. C. Winter, Judge.

NOVEMBER 16, 1920.

REHEARING DENIED FEBRUARY 17, 1921.

RECOVERY on a promissory note was denied because barred by the statute of limitations.  The plaintiff appeals.—*Affirmed.*

*Lloyd Thurston* and *A. W. Enoch*, for appellant.

*O. M. Slaymaker*, for appellee.

LADD, J.—Plaintiff is the payee in a note for $2,272.97, executed by the defendant Fred Pritchett, July 16, 1906, payable one year after date.  This note was given by the maker in Colorado, and a mortgage covering land in Iowa thence executed to secure its payment.  Foreclosure of the mortgage was not sought in this action, but a writ of attachment was sued out and levied on the mortgaged land.  The petition, filed November 13, 1919, alleged, and the evidence proved, that the defendant had not been a resident of this state since the note was given.  This was conceded by the defendant, who pleaded that he had been a resident of Colorado since 1901; that a cause of action on such instrument must be commenced in that state within six years after its maturity; that the note was executed and the cause of action arose in Colorado, and was barred by the statute of limitations in this state.  It appears from the evidence that the defendant, who was a resident of Clarke County, moved to Colorado in 1901; that plaintiff visited him in a suburb of Denver, Colorado, and arranged to loan him $1,500.  The note therefor was prepared by plaintiff, dated "April 20, 1904," but without indicating any place.  Defend-

ant signed it there, and the plaintiff carried it with him to Osceola, Iowa. Shortly thereafter, defendant proposed that the loan be increased by $300, and a note for that amount, bearing date "Osceola, Iowa, April 20, 1904," was prepared by the plaintiff and mailed to him for signature, together with a draft for $1,800. On receipt of this, defendant signed the $300 note and mailed it to plaintiff. Neither note indicated the place at which it was to be paid. As defendant paid neither, these were placed in the hands of an attorney for collection; and, on going to Colorado, he there procured of defendant the note sued on, together with the mortgage on the Iowa land securing its payment, and mailed both by registered letter to the plaintiff, who has since resided at Osceola and Chariton in this state. This note was dated Osceola, Iowa, July 16, 1906, and promised "to pay to the order of Edwin Jarl, in Simmons & Co.'s Bank, in Osceola, Iowa."

Under the laws of Colorado, actions on promissory notes are barred in six years after their maturity; and hence, as the note in suit fell due July 16, 1907, a cause of action thereon in Colorado was barred; and the only question is whether it is barred under the laws of this state. Under Section 3447 of the Code, founded on a written instrument, a cause of action is barred in 10 years, though in computing time the period of defendant's residence elsewhere is deducted (Code Section 3451).

"When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of action arising within this state." Section 3452 of the Code.

The sole question is whether the facts bring the cause within this exception. If the cause of action arose in this state, the payee is entitled to recover; but he may not if, as the trial court ruled, it arose in Colorado. The note and mortgage were both signed and delivered in Colorado. Not only were they there signed, but they were delivered to plaintiff's attorney, and by him there delivered to plaintiff, by being mailed to the payee.

2. LIMITATION OF ACTIONS: debts barred, mortgages barred.

They became complete and binding contracts in that state, and, under the former decisions of this state, must be held, regardless of the place of performance, not to have arisen in this state. *Tharp v. Thero,* 112 Iowa 573; *Moran v. Moran,* 144 Iowa 451.

But it is argued that, as the giving of the note and mortgage was one transaction, and the mortgage could not be enforced elsewhere than in Clarke County, action thereon could not have been barred by the statute of Colorado. Were this a suit to foreclose the mortgage, that question must have been determined. The action is on the note only, as was authorized by Section 3428 of the Code. Separate action may be maintained on each instrument, though actions on each may not be prosecuted in the same county at the same time. See Section 4288 of the Code; *Smith v. Moore,* 112 Iowa 60; *McDonald v. Second Nat. Bank,* 106 Iowa 517. The courts in those states where the mortgagee takes title quite generally hold that the statute of limitations runs against actions founded on the note and on the mortgage separately; and, though the action on the note is barred, suit may be maintained, unless the statute has run against that also. As said in *Gower v. Winchester,* 33 Iowa 303:

"This is so because the mortgagee holds the legal title to the land, subject only to be defeated by the payment of the debt secured by the mortgage; that the mortgage is the principal thing, and that, the period of limitations in respect to the debt and the mortgage not being the same, that applicable to the mortgage governs. The creditor has a double remedy: one upon his deed to recover the land, another upon the note to recover judgment and execution for the debt; and he is allowed to recover on the mortgage, although his remedy on the note may be barred."

See 2 Wood on Limitations (4th Ed.) 1038, where the author says:

"In most of the states, the statute runs upon the note or debt, which is merely a simple contract, within a shorter period than it does upon the mortgage, which is a specialty; but while the debt itself, because of the statute bar, ceases to be enforcible as a personal claim, yet the lien created by the mortgage, as well as the right to enforce it, still remains, and, if enforced before

it is also barred, continues as a valid security for the debt and for the interest accruing thereon, even after the debt itself is barred by the statute,—the rule being that, where the security for a debt is a lien on property, real or personal, the lien is not impaired in consequence of the running of the statute of limitations upon the debt. The debt is not extinguished, but the remedy is taken away by the statute.''

Under the statutes of this state, the debt is regarded as the principal thing, and the mortgage as a mere incident thereto; and consequently, when the debt is barred, the remedy upon the mortgage also is barred. *Clinton County v. Cox,* 37 Iowa 570; *Gower v. Winchester,* 33 Iowa 303. As said in the first of these cases:

''A mortgage conveys no interest in or title to lands, but is simply a lien thereon for the purpose of securing the indebtedness which is its foundation. It is an incident—a security, in the nature of a lien—of the debt. It survives until the debt be paid or discharged, or the mortgage is released. It is a convoy, bearing a lien for the protection of the debt; and, as long as that exists, it is not relieved of the duty of protection, or rendered ineffective for that purpose. When the debt is discharged or, by operation of law, may no longer be enforced, its functions terminate, and not before.''

As the note is a distinct contract, although a part of the transaction in which the mortgage was given, and might be sued on separately in Colorado, or wherever venue could be rightly, and especially in Colorado, the existence of the mortgage furnishes no ground for denial of the applicability of the statute. As the cause of action thereon did not arise in this state, and was barred by the statute of Colorado, it was rightly held to be barred in this state.—*Affirmed.*

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.