IN RE ESTATE OF CLIFFORD THORNE.

F. S. FINLEY et al., Appellants, v. RUTH THORNE, Executrix, Appellee.

**ALTERATION OF INSTRUMENTS:** Presumption. A material alteration, manifest on the face of a promissory note, creates no presumption that the alteration was made after delivery.

**LIMITATION OF ACTIONS:** Computation of Period—Non-residence. Action on a promissory note apparently executed and delivered in this state and not shown to have been elsewhere executed and delivered, is not barred simply because an action on the note could not be maintained in another state to which the maker had removed.

**BILLS AND NOTES:** Execution and Delivery—Note on Foreign Letterhead—Effect. The fact that a promissory note, made by a resident

of this state and payable in this state to a resident of·this state, was written in longhand on the letterhead of a foreign business concern, does not establish, as a matter of law, that the note was executed and delivered in such foreign state and intended to be a foreign contract.

Headnote 1:   2 C. J. p. 1275.   Headnote 2:   37 C. J. p. 731 (Anno.)
Headnote 3:   8 C. J. p. 1060.

Headnote 1:   1 R. C. L. 1042.

*Appeal from Washington District Court.*—H. F. WAGNER, Judge.

NOVEMBER 23, 1926.

The executors of the estate of W. R. Jeffrey, deceased, filed a claim against the estate of Clifford Thorne, deceased, based on a promissory note. The cause was tried to a jury, and at the close of all the evidence the court sustained a motion for a directed verdict for the defendant. From the resulting judgment denying the allowance of the claim the plaintiffs appeal.—*Reversed and remanded.*

*F. S. Finley* and *H. G. Jeffrey, Jr.*, for appellants.

*Morrison & Morrison* and *W. M. Keeley*, for appellee.

VERMILION, J.—Numerous defenses, in addition to the denial implied by law, were set up in the answer. The motion to direct a verdict was based upon a number of grounds, but counsel for appellee rely in this court upon two propositions only, to sustain the action of the court below. This relieves us of the necessity of examining the other defenses or grounds of the motion.

I.   It is said that the note was materially altered after its delivery. The document reads as follows:

"The Carl-Leon Hotel,
"Independence Kansas.

"Nov. 26, 1904.
"Seven years after date I promise to pay to the order of W. R. Jeffrey at the Washington County Savings Bank of Washington, Iowa, the sum of ($2250.00) Twenty-two hundred

fifty 00/100 dollars with interest at 6 per cent per annum, part due [past-due?] interest to draw interest at the same rate as the principal.

"The Shaw Oil Company.

"Clifford Thorne."

Save the words "The Carl-Leon Hotel, Independence, Kansas," the note is written by hand, and it is apparent on its face that the amount, as stated both in figures and in words, has been changed from $2,200 to $2,250.

It is doubtful whether the defense of material alteration was presented in the court below, either in the pleadings or in the motion for verdict. But, that being passed, there is no merit in appellee's contention at this point. There is no evidence as to when the change in the amount of the note was made,—whether before or after delivery. Appellee relies upon a claimed presumption that the alteration was made after delivery, and cites, in support of the contention, *Shroeder v. Webster,* 88 Iowa 627; *Maguire v. Eichmeier,* 109 Iowa 301; and *Kauffman v. Logan,* 187 Iowa 670.

1. ALTERATION OF INSTRUMENTS: presumption.

In the first of these cases, it was said that an instruction that, if the jury found that the notes had been materially altered since their execution, the burden was on plaintiff to establish that it was done with the knowledge and consent of the defendant, could not have been misunderstood, where the jury was also instructed that the burden was on the defendant to establish that the notes had been altered since their execution and delivery. In *Maguire v. Eichmeier,* supra, the plaintiff alleged that the note had been materially altered, and did not deny that it had been done after the note was made; and it was held that the burden was on plaintiff to establish that the alteration was made innocently, by a stranger, or for a proper purpose.

*Kauffman v. Logan,* supra, has been expressly overruled on this point in *Monona County v. Gray,* 200 Iowa 1133, where it is said:

"It is the settled rule in this state that an alteration apparent on the face of an instrument raises no presumption that it was made after delivery, and the burden is upon the party alleging a material alteration to establish that it was made after delivery of the instrument."

The direction of a verdict for the defendant cannot be sustained on the ground of a material alteration of the note after delivery.

II. It is said that the motion for a directed verdict was properly sustained because the action was barred by the statute of limitations. For a clear understanding of the question here raised, some further facts must be noted.

At the date of the execution of the note, both Thorne, the maker, and Jeffrey, the payee, were residents of Washington, Iowa. The note was due November 26, 1911. Jeffrey remained a resident of Iowa until his death, in 1922. Thorne removed to the state of Illinois at least as early as November 1, 1921, and it is not claimed that he again became a resident of this state. He died November 12, 1923. The decedent Thorne became a resident of the state of Illinois before the bar of the statute of limitation of this state had run against an action on the note. Section 11007, Paragraph 6, and Section 11013, Code of 1924. But it is the contention of the appellee that the action is barred under the provisions of Section 11014, Code of 1924 (Section 3452, Code of 1897). That section is as follows:

2. LIMITATION OF ACTIONS: computation of period: nonresidence.

"When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of action arising within this state."

Certain of the statutes of limitation of Illinois were pleaded and proved, from which it appears that an action upon a written contract can only be commenced in that state within ten years after the cause of action accrued. It is claimed that, under this statute of limitation, action on the note was barred in Illinois, and that, under Section 11014, that bar is effective in this state.

If appellee's contention with respect to the statute of limitation in Illinois be assumed to be correct (*Davis v. Munie*, 235 Ill. 620 [85 N. E. 943]), the question remains whether Section 11014 is applicable. That section, by its express terms, does not apply to "causes of action arising in this state."

We have held that, where a note was executed and delivered in another state, the cause of action thereon arose in that state, within the meaning of the statute of limitation. *Tharp v. Thero,*

112 Iowa 573; *Jarl v. Pritchett,* 190 Iowa 1268. In *Moran v. Moran,* 144 Iowa 451, we held that a note written and signed in another state and sent by mail to the payee in this state, by whom a loan was to be made to the maker, had no validity until presented to the payee in this state and the promised loan made; that the note was an Iowa contract; and that Section 3452, Code of 1897, now Section 11014, Code of 1924, did not apply.

The appellee contends that the cause of action arose in Kansas, for the reason that, as it is claimed, the note was executed in that state. The contention that the note was executed in Kansas is based wholly upon what appears on the paper upon which the note is written. There is no testimony whatever as to where, or under what circumstances, the note was in fact signed or delivered, or as to the nature of the transaction in which it was given. The words: "The Carl-Leon Hotel, Independence, Kansas," are printed in the upper left-hand corner of the sheet of letter paper upon which the note is written. Below, and at the right of the sheet, is a ruled date line, and the printed numerals "190." This date line is filled in with the date "Nov. 26, 1904," as the date of the note, and the body of the note follows immediately below. The words "Carl-Leon Hotel, Independence, Kansas," are no part of the date appearing on the note, and no part of the note itself.

**3. BILLS AND NOTES: execution and delivery: note on foreign letterhead: effect.**

The case is not within the doctrine of *Bigelow v. Burnham,* 83 Iowa 120, that, where the date and place of execution of a note appear on its face, and not as a mere memorandum entered thereon, it raises a presumption that it is payable at that place, and was intended to show that the note was executed there.

In *Moran v. Moran,* supra, it was said:

"The place where the parties agree upon the terms of their contract, or where the written evidence of the agreement is prepared, is not necessarily the place of contract, within the meaning of the law. The intention of the parties with respect thereto will ordinarily prevail, and that intention may be found from the circumstances surrounding the transaction."

See, also, *Kellum v. Robinson,* 193 Iowa 1277.

The only and the utmost inference that can legitimately be drawn from what appears on the face of the paper on which the note is written, is that it was written upon stationery of the hotel

named, which was located at Independence, Kansas. But this does not establish that the note was executed in Kansas, and has no tendency whatever to show that it was delivered or the transaction completed in that state, especially in the absence of any evidence tending to show that either the maker or the appellee was in Kansas at the date of the note.

The only facts and circumstances in evidence having any tendency to show the intent of the parties with respect to the place of contract are that the note, written on stationery of a hotel located in another state, was given by a resident of this state to a resident of this state, and was expressly made payable in this state.

The conclusion that these facts are insufficient to establish, as a matter of law, that the note was executed and delivered in Kansas, or that it was the intention of the parties that it should be a Kansas contract, and that, therefore, the cause of action arose in that state, is, we think, unavoidable. It follows that the directed verdict cannot be sustained on the ground that the action was barred under the provisions of Section 11014.

The judgment is reversed, and the cause remanded.

A motion to strike the additional abstract is overruled.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.