J. T. MARTIN, Appellant, v. S. A. MARTIN, Appellèe.

FEBRUARY 7, 1928.

*O. C. Brown,* for appellant.

*J. O. Watson,* for appellee.

FAVILLE, J.—The appellant and the appellee are brothers. At one time, both parties lived in Warren County, Iowa, where their father resided. The father is now deceased, the appellant is a resident of Mount Ayr, Indiana, and the appellee lives at Draper, South Dakota. In 1906, the father wrote a letter to the appellant, who then resided in Indiana, requesting him to loan $535 to his brother, the appellee, for a term of one year. The appellant acquiesced in this request, and forwarded the money and a note for the amount, due in one year, to his father. He received an acknowledgment of the money, but the note was not

signed and returned to him at once, but was later forwarded to the appellant by the appellee. There is a dispute in the record as to whether the note was signed by the appellee in the state of Iowa and forwarded from this state to the appellant in Indiana, or was signed by the appellee in the state of South Dakota and forwarded to the appellant from that state. The note was executed in April, 1906, and it is established in the evidence that the appellee became a resident of South Dakota sometime during said year, and has resided there since. The note was not paid at its maturity, and on or about April 27, 1914, a new note was executed by the appellee for the amount of the original note, with the interest added. This note was executed by the appellee in the state of South Dakota, and was forwarded from said state to the appellant at his home in Indiana. At said time, the original note which had been executed in 1906 was surrendered to the appellee. This action is brought upon the said note of April 27, 1914, which was due in one year.

It is admitted in the record that the statute of limitations of the state of South Dakota, in actions brought on written instruments, is six years. Appellant contends that the original note was an Iowa contract, and that the note in suit, being merely evidence of the original indebtedness, is but a continuation of the original debt, and therefore the action on said note is not barred under the statute of limitations of this state, the appellee having been a nonresident of this state since 1906. We do not deem it necessary to determine the question as to whether or not the note in suit is to be regarded as a South Dakota contract, where the same was executed and mailed to the appellant, or an Indiana contract, where it was received by the appellant. Under the record, unless the suit be construed to be an action on the original indebtedness, which arose in the state of Iowa, then it is admittedly barred by the statute of limitations.

The appellant relies upon two cases of this court as sustaining his contention that the execution of the new note was merely a renewal or continuation of the original indebtedness, and that the action is not barred. In *Commercial Sav. Bank v. Schaffer*, 190 Iowa 1088, cited by appellant, we considered the question of collateral security deposited to secure an indebtedness which was evidenced by a promissory note. We held in that case that the renewal of the note did not change the relation of the parties as

to the collateral securities which had been deposited at the time the original note was given to secure the debt evidenced thereby. The argument in the opinion, as in all cases, must be construed in relation to the question before the court for final determination; and when it is so construed, it is obvious that the cited case is not authority to sustain appellant's contention in the case at bar. In *American Tr. & Sav. Bank v. De Jaeger,* 191 Iowa 758, the question involved was whether or not an agent, with authority to indorse a note, had, because of such original authority, the authority to indorse a new note given in renewal of said note. We held that the authority to indorse the original note did not carry with it the authority to indorse the renewal note. It is apparent that the question for determination in the instant case was not involved in the cited case.

The appellant's cause of action in this case is brought solely upon the note of April 27, 1914. This written obligation not only fixed the amount that was due, but determined the date of maturity. Unquestionably, after the execution of said note, suit could not have then been immediately maintained by the appellant on the "original indebtedness," without regard to the existing note. The date of maturity in the note fixed the date when action could be commenced. The old note was surrendered to the appellee, the new note became the sole existing evidence of the indebtedness, and by it the parties bound themselves as to the time of the maturity of said indebtedness. It was upon this note alone that action could thereafter have been maintained. Appellant's suit is brought on this note, and not on the original indebtedness. It could not well be maintained otherwise. The note, then, with all of its terms, becomes the basis of this cause of action. It became a new contract between the parties, fixing the date of maturity and limiting the time when action could be brought upon the obligation. Upon this written instrument appellant must stand or fall. Under the record, the cause of action predicated upon this note is barred by the statute of limitations of the foreign state, and it is not affected by the statute of limitations of the state of Iowa,—if it be conceded that the original indebtedness arose in this state.

The order of the lower court in directing a verdict for the

appellee and entering judgment for costs against the appellant was correct, and it is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.