COMMERCIAL SAVINGS BANK OF AMES, Appellee, v. ERNEST G. CAREY et al.; SYLVIA S. CAREY, Appellant.

MARCH 12, 1929.

*Addison & Smedal,* for appellant.

*Lee, Steinberg & Walsh,* for appellee.

DE GRAFF, J.—The facts, briefly stated, are these: The Commercial Savings Bank of Ames, Iowa (plaintiff and appellee), on February 25, 1920, loaned to Ernest G. Carey (defaulting defendant) the sum of $5,000, and as evidence thereof, Carey executed a note due in six months. This note was renewed twice, by giving a new note bearing the signature of Ernest. G. Carey only. The last renewal note (the one in suit) was signed and delivered on December 22, 1921, and on this note, appellant Sylvia S. Carey was a signer with her husband, Ernest G. Carey. Before the last note was executed, the plaintiff bank, through its president, knowing that Sylvia S. Carey had an expectancy in property coming to her, had a conversation with Ernest G. Carey, in which a tentative agreement was made that an extension of time on the past-due note would be given for a period of two years, on the condition that both Carey and his wife, Sylvia, would sign the new note and give a second mortgage on their undivided one-third interest in a certain farm described in plaintiff's petition, which farm was in the name of Ernest G. Carey. There is no dispute about the agreement in question. In fact, the new note and mortgage were executed, and delivered to the president of the plaintiff bank, and the old note was returned to Mr. Carey.

The note and mortgage in suit are *prima facie* a joint obligation. The mortgage recites:

"Provided always these presents are upon this express condition that if the said Ernest G. Carey and Sylvia S. Carey their heirs, executors and administrators, shall pay or cause

to be paid to the said Commercial Savings Bank, their successors or assigns the sum of $5,000.00 on December 22, 1923, with interest thereon at 8% annually to the tenor and effect of one promissory note of the said Ernest G. and Sylvia S. Carey bearing even date herewith then these presents to be void otherwise to remain in full force and effect.''

The mortgage further provides:

''In case it becomes necessary to commence proceedings to foreclose the same, then the said mortgagors in addition to the amount of said debt, interest, and costs, agree to pay to the mortgagee herein named, or to any assignee of the mortgage herein, a reasonable attorney's fee for collecting same, which fee shall be included in the judgment in such foreclosure.''

The mortgagors were able to read, write, and understand the English language. Sylvia S. Carey was a graduate of Drake University, and after her graduation, became a teacher in various schools. There is no claim that any fraud or deception was used. The one question presented for consideration is whether the defendant Sylvia S. Carey was personally liable on the note. In other words, was there a consideration for her signature to the note and mortgage? It is quite apparent, under the law and the facts, that there was a consideration for her signature. The renewal note signed by the wife, Sylvia, was executed to cover the indebtedness that was then due. The husband desired an extension of time. The appellee consented to an extension of time upon the express condition that the wife, Sylvia, would sign the new note. Both of the Careys complied with the prescribed condition, and by said compliance, an extension of a past-due indebtedness was secured, and there was a return of the old note. The written instrument imported a consideration. Section 9440, Code of 1927. The new note was a negotiable instrument, and, under the Negotiable Instrument Act, is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon is deemed to have become a party thereto for value. Section 9484, Code of 1927. An antecedent or pre-existing debt constitutes value. Section 9485, Code of 1927. Nor may it be questioned that an extension of time payment to a debtor furnishes adequate consideration for the signature

to a new note by another for a debt owed by the principal debtor. *Mohn v. Mohn*, 181 Iowa 119.

The defendant maker, Sylvia S. Carey, is not in a position to question this note and mortgage, since she had every opportunity to read same before signing. By her own negligence she is precluded from asserting ignorance with respect to any part of the agreements. Under such circumstances, she is presumed to know its contents. *Bank of Holmes v. Thompson*, 192 Iowa 1032, with cases cited. It is a well settled rule that, where a holder of an obligation agrees to extend the due date thereof upon condition that the maker's wife sign the new note, and the wife does sign the same, and an extension is created, the defense of want of consideration for the wife's signing is precluded, since it is sufficient if the holder parted with consideration, even though the wife received none of it. *American Com. & Sav. Bank v. Kramer*, 206 Iowa 49. See, also, *First Nat. Bank of Sioux Center v. Ten Napel*, 198 Iowa 816. This is a general rule, as declared by the Supreme Courts of many states of the American Union.

The *American Com. & Sav. Bank* case, supra, may be viewed as controlling on the facts of the instant case. That decision points out the distinction between the cases upon which the appellant herein relies, and the legal principle governing the case at bar. In the light of the premises herein stated, we hold that the instruments in question were executed and delivered to serve the purpose for which they were executed, and that there was consideration for the instruments signed by the appellant Sylvia S. Carey.

The decree entered is, therefore,—*Affirmed*.

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.