ACME FEEDS INCORPORATED, Appellant, v. JOE BERG, Appellee.

No. 45828.

JUNE 16, 1942.

1272

William C. Atten and Cornwall & Cornwall, for appellant.

H. E. Narey and Heald & Heald, for appellee.

SAGER, J.— ■ Appellant is an Illinois corporation with its principal place of business in Cook county but it took judgment in DuPage county, though a statute of that state provides:

"* * * every civil action shall be commenced in the county where one or more defendants reside or in which the transaction or some part thereof occurred out of which the cause of action arose *,* * . If all defendants are non-residents of the State, an action may be commenced in any county." Illinois Rev. Stat. 1941, chapter 110, section 131.

The last sentence above quoted cannot be held to warrant a personal judgment against appellee unless stipulations of the instrument hereinafter considered give the court such jurisdiction. Appellee was at all times material a resident of Iowa and had no property in the state of Illinois. No notice or summons was served on him.

On September 14, 1936, appellee signed and acknowledged in Dickinson county, Iowa, what is designated "Conditional Sales Contract." This provides among other stipulations:

"Purchaser hereby authorizes any attorney at law to appear for said purchaser in any court of record in the United States, waive the issue and service of process, and confess judgment against said Purchaser for the amount due hereunder, in favor of Seller, and have execution issue thereon * * *. Any provision of this contract prohibited by law in any state shall, as to said state, be ineffective to the extent of said prohibition, without invalidating the remaining provisions of the contract."

The instrument declares that appellant does "hereby sell" and appellee "hereby purchases from the said Seller * * * hereinafter set forth [here follows the description of 88 hogs] for the sum of Two hundred seventy three Dollars ($273.00) which Purchaser promises to pay, at the office of the said Acme Feeds Incorporated, at Forest Park, Illinois * * *."

It is claimed that the contract was signed by appellant in Illinois, thus completing it in that state. We find no support

in the record for that contention except that it bears the names of its president and secretary, and purports to have the corporate seal. This, we think, was insufficient in the state of the record. The contract itself says that it was "Executed in duplicate, one copy of which is delivered to and retained by the purchaser this 14th day of September, 1936." This delivery could only have been made in this state. Moreover, appellant in argument says:

"* * * we will admit Appellant is in the animal feed business. Since Appellant's business is largely a credit business, Appellant's practice is to take from its purchasers some security for the feed sold. This is usually done by Appellant taking a bill of sale to the animals, which will be fed this feed (in the instant case, Appellee's pigs) and then the purchaser and Appellant executing a conditional sales contract for the animals (in the instant case, Appellee's pigs). This conditional sales contract is a bi-lateral agreement, executed by both parties. In this case, executed by Appellee in Dickinson County, Iowa, and by Appellant at Forest Park, Illinois. The contract does contain a Warrant of Attorney and is made payable at Forest Park, Illinois. The pigs in question at all times were on the property and in possession of the Appellee, and Appellant at no time took possession or attempted to take possession of said pigs but attempted to enforce collection of the amount due by an action at law."

From this confession it will be seen that this contract is in effect no more than a chattel mortgage given on personal property in Iowa to secure payment for hog feed delivered in Iowa. It was signed and acknowledged by appellee in Dickinson county, Iowa, and there is nothing to indicate that it was executed anywhere else. The most that can be said is that appellee assumed in Iowa an obligation which he undertook to pay in Illinois. This, we hold, as the trial court did, is not of itself sufficient to make this an Illinois contract. We said in Jarl v. Pritchett, 190 Iowa 1268, 179 N. W. 945, that a contract becomes binding in a state where made "regardless of the place of performance." Tharp v. Thero, 112 Iowa 573, 84 N. W. 709; Moran v. Moran, 144 Iowa 451, 457, 123 N. W. 202, 204, 30 L. R. A., N. S., 898. In the last-cited case we said:

"The place. where the parties agree upon the terms of their contract or where the written evidence of the agreement is prepared is not necessarily the place of contract within the meaning of the law. The intention of the parties with respect thereto will ordinarily prevail, and that intention may be found from the circumstances surrounding the transaction.'' (Citing cases.)

See, also, Kellum v. Robinson, 193 Iowa 1277, 188 N. W. 821; In re Estate of Thorne, 202 Iowa 681, 210 N. W. 952.

█ We find in the record no circumstances which would have justified a finding that this was not an Iowa contract. It has been held that the validity of a contract is determined by the place of making. Acme Food Co. v. Kirsch, 166 Mich. 433, 131 N. W. 1123, 38 L. R. A., N. S., 814. And this is especially true with reference to a confession of judgment. This pertains to the remedy and is covered by the laws of the state where the contract was made. Hamilton v. Schoenberger, 47 Iowa 385.

In Cuykendall v. Doe, 129 Iowa 453, 458, 105 N. W. 698, 700, 3 L. R. A., N. S., 449, 113 Am. St. Rep. 472, in speaking of confession of judgment under warrant of attorney, after recognizing that courts are disposed to strictly construe the power given, we said:

"In executing the warrant of attorney authorizing another person to confess judgment in his name, the debtor is held to have in view the laws and practice of the state of which he is a subject * * *.''

We sustained a judgment by confession in that case, but it will be observed that the parties involved were, at the time the contract was executed, residents of a state which permitted such practice. If, then, the instrument which contained the warrant of attorney was made in Iowa, as we hold, judgment by confession could be entered only by complying with the provisions of chapter 545 of the 1939 Code. It is not claimed that the procedure there prescribed was followed. See Hamilton v. Schoenberger, supra.

█ It is urged that we are bound to recognize the Illinois judgment under the full-faith-and-credit clause of the Federal Constitution. Since the judgment was void, we are not here concerned with that provision. See Ashby v. Manley, 191 Iowa 113,

181 N. W. 869; Cuykendall v. Doe, supra. It appears from the allegations of the petition that an Illinois statute, Illinois Rev. Stat. 1941, chapter 110, section 174(5), provides:

"Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized * * * without process."

Our own statute, Code, 1939, section 12668, declares:

"A judgment by confession, without action, may be entered by the clerk of the district court."

The remaining sections of chapter 545 contain express requirements as to procedure, none of which were observed.

■ Since, in the absence of proof to the contrary, the laws of a foreign jurisdiction are the same as our own, appellant has failed on this ground also to set up a valid judgment. As bearing generally on the questions discussed, see note to Egley v. Bennett & Co., 40 A. L. R. 436, 441; Note to Carroll v. Gore, 89 A. L. R. 1495, 1503; and later citations in current supplements.

We have deemed it unnecessary to analyze all the cases cited in the briefs. There is conflict in the authorities and statements will be found in our own decisions which seem to point to a different result, but we believe the pronouncement here made is in keeping with sound public policy. We hold that the judgment of the trial court was right and it is affirmed.—Affirmed.

BLISS, C. J., and GARFIELD, MITCHELL, MILLER, OLIVER, and HALE, JJ., concur.