GRAMATAN NATIONAL BANK & TRUST CO. *v.*
BARRON ET AL.

[No. 27, October Term, 1949.]

*Decided November 11, 1949.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Alvin L. Klupt* for the appellant.

*Walter L. Green* and *D. Carlyle Blevins*, with whom were *Green, Whalin, Babcock & Bell* on the brief, for the appellees.

GRASON, J., delivered the opinion of the Court.

Bryton Barron and Ella L. Barron executed and delivered a note dated June 24, 1948, at their home in Springfield, Fairfax County, Virginia, to the American Weather Windows, Inc. The amount of the note is $371.88, payable in monthly installments of $10.33, and it contains a power of attorney to enter judgment. On March 26, 1948, Bryton Barron executed a written contract with the American Weather Windows, Inc., under which it agreed to install certain storm windows in his home at Springfield, Virginia, and the note was given in payment for the installation of the storm windows. This note was endorsed, without recourse, to the Gramatan National Bank & Trust Co. of Bronxville, New York (appellant), and judgment was entered by it against the makers thereof (appellees) in the Superior Court of Baltimore City. Thereafter appellees appeared specially in the case for the purpose of striking out the judgment. Testimony was taken in the matter, counsel heard, written opinion filed, and the court ordered that the motion be sustained, and the case finally dismissed. The case comes here on appeal.

When this note was executed the place where it was signed by the payors did not appear on its date line, and the payee filled in "Washington, D. C.," as the place of execution. This was not true. The implied power to fill in blanks in a negotiable instrument does not authorize the insertion of a false place of execution, so as to give apparent validity to a power of attorney which is, itself, not a negotiable instrument.

The appellant contends that under the terms of the warrant of attorney contained in the note the payors agreed to the appearance of any attorney of any court

of record in the United States to appear for them and confess judgment on their behalf for the amount then due, interest, costs and attorney's fees, in case of default by them. Having thus agreed, the law of the state where suit is brought on the note governs, even though judgment could not be entered under the power of the note in a court of the state where it was executed.

The appellees contend the legality of the warrant of attorney in this note must be determined by the law of the place of its execution, and it is conceded that it was signed in Virginia.

In this case we are considering solely the legality of the warrant of attorney contained in the note here sued on. It is as follows: "* * * if permitted by law, undersigned jointly and severally authorize any attorney at law to appear in any court of record in the United States for undersigned and confess judgment for such amount as may be unpaid hereon at maturity, together with interest and 15% of the amount unpaid hereon for collection and attorney's fees, in favor of the holder hereof, and undersigned waives the issue of process and all right of appeal."

Michie's Code of Virginia, 1942, § 6130a, (i) provides: "No judgment hereafter confessed in the office of the clerk of any court of record in this Commonwealth, by virtue of a warrant, or power of attorney, shall be valid, unless such warrant, or power of attorney be in conformity with the provisions of this act."

Section 6130a(c) of said code provides: "* * * any warrant incorporated in, and made part of any note or bond authorizing the confession of judgment thereon * * * shall specifically name therein, the attorney or attorneys, or other person or persons authorized to confess such judgment and the clerk's office in which the judgment is to be confessed." *Bank of Chatham v. Arendall,* 178 Va. 183, 16 S. E. 2d 352.

It is perfectly obvious that a judgment on this note could not be entered under the warrant of attorney contained therein in a court of record in Virginia. The war-

rant of attorney under the Virginia Code was a dead thing; it was null and void.

"The general rule that the validity of a note is determined by the law of the place where it was executed is applicable in determining the validity of a stipulation contained in the note as to confession of judgment by attorney." 10 *C. J. S., Bills and Notes*, § 69, page 501.

In *Forsyth v. Barnes*, 228 Ill. 326, 81 N. E. 1028, 1029, 10 Ann. Cas. 710, it is said: "The note and warrant of attorney appearing from this record to have been executed in Ohio and payable there, questions regarding their validity and the capacity of the makers to make them must be determined by the laws of that state." It is also stated in that case that the common law rule is that if a contract is void where made, it is void everywhere.

In *Acme Feeds v. Berg*, 231 Iowa 1271, 4 N. W. 2d 430, 432, it was said: "It has been held that the validity of a contract is determined by the place of making. * * * And this is especially true with reference to a confession of judgment. This pertains to the remedy and is covered by the laws of the state where the contract was made."

In *Monarch Refrigerating Co. v. Faulk*, 228 Ala. 554, 155 So. 74, 75, it is said: "This warrant of attorney looks to the future enforcement only, relates to the matter of remedy, and in legal effect is separate and distinct from the obligation to pay." In that case a judgment was rendered in Illinois by confession on a note executed in Alabama and a suit was instituted in Alabama on the judgment. The court further said: "But our present statute * * * condemns all such agreements for confession of judgments as void, and in *Jemison v. Freed*, 161 Ala. 598, 50 So. 52, the court in making reference to the statute said: 'Such powers are now void.' * * * Clearly, therefore, under this statute no court would in this jurisdiction render a judgment on such a void agreement, or if so rendered and judgment disclosed upon its face, as does the judgment here sued

upon, that it was rested upon this character of agreement, we think it equally clear the judgment would be void and so considered by the court."

In *Carroll v. Gore,* 106 Fla. 582, 143 So. 633, 637, 89 A. L. R. 1495, it is said: "In fact, as a general rule, the validity and effect of the authority to confess judgment 'are governed by the law of the place where the power is given and the judgment is entered, although the defendant is a resident of another state at the time the power is executed; and if the power is valid where given, it generally will be recognized in another state, although invalid under the laws of the latter state.' " In that case the note with power to enter judgment was executed in Illinois and was valid in that state. In a suit instituted in Florida against the maker on the judgment rendered in Illinois, the law of Illinois was applied, even though under the law of Florida a judgment on the note could not have been entered under the power contained therein. See *United Mercantile Agencies v. Bissonnette,* 155 Fla. 22, 19 So. 2d 466, 155 A. L. R. 916.

In *State of Ohio v. Eubank,* 295 Mich. 230, 294 N. W. 166, 167, suit was brought in Michigan on a judgment rendered in Ohio. The Ohio judgment was entered under a power of attorney contained in the note sued on, which was conceded to be valid in Ohio. The note was signed in Michigan and mailed to the payee bank in Ohio. It was a renewal note. The Supreme Court of Michigan held the note became effective in Ohio and that the Ohio law governed. "The trial court granted a motion to dismiss on the ground that the note containing the power of attorney was executed in Michigan and the warrant was invalid to confer any authority to confess judgment because it was not in an instrument separate from that evidencing the demand * * *." The Supreme Court of Michigan did not apply the law of its state, because the judgment was lawfully entered in the State of Ohio.

In *Egley v. T. B. Bennett & Co.,* 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436, relied on by appellant, the Indiana

court held that a judgment entered in Illinois upon a power of attorney executed in Indiana, was not void, although the power could not have been exercised in Indiana. We take a different view of the Virginia statute.

The trial court was correct in dismissing the case. It applied the law of the State of Virginia with reference to the warrant of attorney to enter judgment. That warrant was void in that state and, therefore, void everywhere.

We do not concur in the decision in *Pirie v. Conrad,* 97 Wis. 150, 72 N. W. 370, 65 Am. St. Rep. 103. There it was held that a provision in a note authorizing an attorney to confess judgment for the payee should control, even though in the state where the note was executed such a power is void.

The full faith and credit clause of the Constitution of the United States, article 4, § 1, has no application to the case at bar.

*Order affirmed, with costs.*