**WESTERN SOILS COMPANY,**
Plaintiff,

v.

**Arthur SKOLNESS, d/b/a Skolness Farms, Defendant.**

No. 73–C–520–EC.

United States District Court,
N. D. Iowa, E. D.

Feb. 8, 1974.

John W. Pieters, Waterloo, Iowa, for plaintiff.

George E. Duis, Fargo, N. D., for defendant.

McMANUS, Chief Judge.

This matter is before the court on defendant's unresisted motion to dismiss or in the alternative for a change of venue filed December 17, 1973.

In this action plaintiff seeks to recover on a promissory note allegedly executed and delivered by defendant to plaintiff on November 1, 1965 as payment for plaintiff's delivery of fertilizer to defendant for use on defendant's farm. The note became due on March 15, 1966 and defendant has refused to honor it on the grounds that the merchandise was not in the form it was represented to be and the salesman had told him not to pay for it.

Defendant seeks dismissal on the ground that Minnesota's six-year statute of limitations for actions based on written contracts bars plaintiff's maintenance of this action. Alternatively, defendant moves for a change of venue to Minnesota on the grounds that defendant is a resident of Minnesota, all transactions relating to plaintiff's claim occurred in Minnesota and the convenience of witnesses dictates that the action be tried in Minnesota.

The initial question presented is whether Minnesota's or Iowa's statute of limitations is applicable. If Minnesota's six-year statute applies plaintiff's claim is apparently barred whereas it would not be barred by Iowa's ten-year statute relating to written contracts. § 614.-1(5) Iowa Code (1973).

Federal courts in diversity cases such as this case are required to apply the forum's choice of law rules in resolving conflicts of law questions. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, the court must look to Iowa's conflicts law to determine the applicable statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 107–112, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

Although some states merely apply their own statute of limitations,[1] § 614.7 of the Iowa Code in certain circumstances requires a determination of where the cause of action arose by providing that,

1. *See, e. g.*, Player Pianette, Inc. v. Dale Electronics, Inc., 478 F.2d 336 (8th Cir. 1973); Strickland v. Watt, 453 F.2d 393 (9th Cir. 1972).

" [w]hen a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of action arising within this state." § 614.7 Iowa Code (1973).

Accordingly, since defendant is a resident of Minnesota and Minnesota law bars plaintiff's maintenance of this action, it is necessary to determine whether plaintiff's cause of action arose in Iowa or in Minnesota.

In determining where a cause of action on a promissory note arose, Iowa courts traditionally consider such factors as the place of execution and delivery and the place of payment. *See* Okey v. Bargenholt, 236 Iowa 423, 19 N.W.2d 212, 214 (1945); Andrew v. Ingvoldstad, 218 Iowa 8, 254 N.W. 334, 336–337 (1934); Jarl v. Pritchett, 190 Iowa 1268, 179 N.W. 945, 946 (1920). Since the defense of the statute of limitations is an affirmative defense, the burden is on the defendant to establish it. *See* Okey v. Bargenholt, *supra,* 19 N.W.2d at 214.

In his affidavit in support of his motion, defendant states that the promissory note was executed and delivered on his farm in Glyndon, Minnesota. Neither defendant's affidavit nor the note itself give any indication of a designated place of payment.

Since defendant in this affidavit has presented matters outside the pleadings in support of his motion to dismiss, the motion will be treated as one for summary judgment pursuant to Rules 12(b) and 56, F.R.Civ.P.

Upon reviewing the record, including defendant's affidavit in support of his motion and plaintiff's failure to resist the motion or rebut such affidavit, it is the court's view that defendant has adequately established that plaintiff's cause of action arose in Minnesota and not in Iowa since the note was executed and delivered in Minnesota for goods delivered in Minnesota with there being no provision in the note designating a particular place of payment or that a particular state's law was controlling. Accordingly, applying Minnesota's six-year statute of limitations as required by § 614.7 of the Iowa Code (1973), plaintiff's claim is barred since the note became due on March 15, 1966 and plaintiff's complaint was not filed until September 6, 1973.

It is therefore
Ordered
Dismissed.